JUNEAU INDEPENDENT SCHOOL DIST.
v. SMITH et al.
No. 6262–A.

United States District Court
D. Alaska, First Division.
Juneau.
Sept. 20, 1950.

618

Faulkner, Banfield & Boochever, Juneau, Alaska, for plaintiff.

M. E. Monagle Juneau, Alaska, for Frances Smith et al.

Wm. L. Paul, Jr., Juneau, Alaska, for Russian Church, for defendants.

FOLTA, District Judge.

By this proceeding plaintiff seeks to condemn the fee-simple title to upland and such possessory interest as may be shown in the tide land abutting thereon, designated tract No. 1 in the complaint and consisting of approximately 3.691 acres.

The Russian Orthodox Greek Catholic Church of North America claims title to the upland by virtue of a patent issued October 25, 1915, to the "Russian Greek Eastern Catholic Orthodox Church of North America", to whose rights it claims it has succeeded; and littoral rights in the abutting tide land. As against the Church the defendants Smith, Bruns and the B. M. Behrend's Bank claim title to parts of the same upland by adverse possession and to the remainder of the upland and all of the tide land embraced within the exterior boundaries of the tract described in the complaint, by virtue of prior and continuous use and occupancy to March 21, 1950, the date of the commencement of this suit.

So far as the tide land is concerned, the plaintiff contends that the littoral rights of the upland proprietor have been cut off by the construction of Harbor Way, a public street, in 1939, and its use as such ever since and that the defendants Smith et al. have failed to show any use or occupancy of the tide land except a small portion thereof.

The Church contends that the possession of the defendants Smith et al. to a part of the upland claimed by it was merely as a tenant of the Church.

During the early stages of the hearing, the Court adversely disposed of the contentions that the plaintiff had no capacity to sue, that no claim for relief was stated and that the statute under which this proceeding is brought contravenes the provision of Section 9 of the Organic Act of August 24, 1912, 37 Stat. 514, 48 U.S.C.A. § 77, that no law shall be passed by the local legislature interfering with the primary disposal of the soil.

The questions presented are:

(1) Whether the Church is the legal successor of the church named in the pat-

ent under which the defendant church claims.

(2) Whether adverse possession for the statutory period of any part of the upland embraced within the exterior boundaries of the tract described in the patent has been proved by the defendant Smith et al.

(3) Whether exclusive, actual use or occupancy by the defendants Smith et al., on March 21, 1950, the date of the commencement of this suit, is sufficient to support their claim of possessory title to the remainder of the upland and the tide land or any part thereof has been proved.

The first question must be disposed of adversely to the contention of the defendants Smith et al. on the authority of this Court's decision in Tulintseff et al. v. The Members of St. Nichols Church, D.C., 93 F.Supp. 648, where the identical question was raised.

■ Since the issuance of the patent referred to had the effect of cutting off, as against the United States and its grantees, all adverse claims of the kind here involved based on use or occupancy not initiated pursuant to any statute providing for ultimate title, it is obvious that in the absence of any color of title, adverse possession by defendants Smith et al. must be shown for the period of 10 years prior to the commencement of this proceeding under the provisions of Section 55-2-2, A.C. L.A. 1949. This the defendants Smith et al. have undertaken to do by introducing evidence of use and occupancy, to rebut which the Church has introduced evidence which it asserts establishes a landlord-tenant relationship and further contends that Section 55-2-2, A.C.L.A. 1949, providing that: "No action shall be maintained for such recovery unless it shall appear that the plaintiff, his ancestor, predecessor, or grantor was seized or possessed of the premises in question within ten years before the commencement of the action," is inapplicable to any party except a plaintiff. I conclude, however, that there is no merit in this contention. I also find that the evidence is insufficient to establish a landlord-tenant relationship between the Church and the defendants Smith et al.

Testimony relating to use and occupancy of the defendants Smith et al. goes back to 1906. It appears that the tide land was piled, capped and decked but that subsequently this structure was allowed to rot and full. Thereafter the defendants Smith et al. placed a shallow rock fill along the perimeter of the tide land and also, by means of similar shallow fills, built two roadways across a portion of the upland and the tide land for use in connection in the operation of the dairy. The City of Juneau in 1939 placed a fill between the tide land and navigable waters and constructed Harbor Way thereon without any objection on the part of the Church or the other defendants. It is also undisputed that the Madsen brothers went into possession of a part of the tide lands within the perimeter rock fill referred to, likewise without any protest or other action on the part of the defendants.

■ The precise question presented is whether this evidence of such use or occupancy is sufficient, as a matter of law, to constitute a possessory title as against all but the United States. It would serve no useful purpose to attempt a review of the testimony. Suffice it to say that since the perimeter fill and those made for the roadways below the line of mean high tide, serve no useful purpose, they are insufficient to support a possessory title, United States v. 10.95 Acres of Land, D. C., 75 F.Supp. 841. An analogy is suggested to grid irons and fish traps but the analogy, if any exists, is extremely remote. A grid iron and fish trap are intended to be used at any stage of the tide. The asserted analogy between the impounding of fish in a fish trap and the storage of rock on tide land is absurd, for it is manifest that rock placed on tide land is not to be compared or likened to fish impounded or stored in a structure which by itself would be sufficient to constitute occupancy. Moreover, the use or occupancy must be a beneficial one and not a mere enclosure for future or speculative use, Gordon v. Ross-Higgins Co., 9 Cir., 162 F. 637. The fact that the fill could be used as a road

would not suffice to make such use beneficial or useful if it in fact served no purpose or if it were placed there merely for the purpose of keeping others out. Considerations of public policy forbid that great areas of tide land be tied up in such a manner. In his argument counsel for defendants Smith et al. is in error in assuming that a fish trap site can be held from year to year by operating a trap thereon for a month or so each year during the fishing season. It is well settled that the right to the occupancy of any fish trap site is determined by priority, as in the case of any other part of the tide lands. By common consent, however, such sites are not "jumped" because the parties concerned are motivated by self-interest and a desire to avoid the costly litigation that would ensue, with deprivation of the use of the site during litigation.

I find that the defendants Smith et al. were, at the time of the filing of the claim by the Church and for more than 10 years prior thereto have been, in possession of those portions of the upland claimed by the Church under the patent referred to which lie (1) Between Glacier Highway and the line running from corner No. 6 to corner No. 7. (2) Between Irwin Street and the line running from corner No. 7 to corner No. 8; and the portion which is enclosed by a fence, all as shown on defendant's Exhibit F, being the plat of U. S. survey No. 752 upon which the patent issued; and that such possession was actual, hostile, exclusive, open and notorious and continuous; from which it follows that the defendants Smith et al. have acquired title to these portions by adverse possession. I likewise find that they built, maintained and used, for more than the statutory period, private roads designated as roads Nos. 1 and 2 on plaintiff's Exhibit No. 2, and conclude that they have accordingly acquired easements therefor by prescription. I further find that defendants Smith et al. are now and have been in the actual use and occupancy of that part of the upland and tide land outside of the boundary of the patented tract which is enclosed by what is designated on plaintiff's Exhibit No. 2 as "road No. 2" and conclude that they have a possessory title thereto.

For the reason already stated I conclude that the Church has lost its littoral rights as upland proprieter by implied acquiescence in the construction and use of Harbor Way as a public street since 1939. McCloskey v. Pacific Coast Co., 9 Cir., 160 F. 794, 22 L.R.A.,N.S., 673.

The remaining contentions are without merit and will not be discussed.

Having already held that the use for which the lands are sought is authorized by law and that the taking of them is necessary to such use, it is my opinion that the public interest requires that they should be condemned and that three competent persons residents of this precinct should be appointed commissioners to ascertain and determine the amount to be paid therefore in accordance with law.