McDonald, Appellant, *v.* Noga.

Argued April 28, 1958. Before JONES, C. J., MUS-
MANNO, ARNOLD, JONES and COHEN, JJ.

*Henry E. Rea, Jr.*, with him *Emerson Samuels*, and
*Brandt, Riester, Brandt & Malone*, for appellant.

*David S. Heimlich*, for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, June 3, 1958:
The plaintiff brought this suit in equity to restrain
preliminarily and, upon final hearing, permanently the
eleven named defendants from interfering with his in-
gress and egress to and from certain property of which
he claims to be the lessee. After what the chancellor
described as "a rather full hearing of witnesses for
both the plaintiff and the defendants", a preliminary
injunction was denied in a decree from which the plain-
tiff has brought this appeal pursuant to the provisions
of the Act of June 12, 1879, P. L. 177; 12 PS §1102.

On an appeal from a decree granting or refusing a preliminary injunction, the appellant has a very heavy burden to overcome; such a decree will not be interfered with upon appellate review in the absence of a plain abuse of discretion by the court below: *Aldrich v. Geahry*, 360 Pa. 376, 379, 61 A. 2d 843. Our examination of the record convinces us that the grounds for the action of the court below in refusing the preliminary injunction are indeed reasonable which will prove to be as far as this inquiry need go; we do not proceed to a consideration of the merits of the case unless reasons for the action of the court below do not exist or the rules of law relied on are palpably wrong or clearly inapplicable: *Lindenfelser v. Lindenfelser*, 385 Pa. 342, 343-344, 123 A. 2d 626.

The lease under which the plaintiff claims the right to enter upon and use the property in question for his purposes provides as follows: "This lease is contingent upon City of McKeesport granting Lessee a contract for disposal of refuse collected by City of McKeesport and if said contract is not granted Lessee, this lease shall not be binding upon parties." Despite repeated but nonetheless unwarranted assertions by plaintiff's counsel that his client has such a contract, the record is clear beyond doubt that the plaintiff had no contract with the City of McKeesport for the disposal by him of the city's collected refuse. His original bid for performing the service was rejected by the city because it was not accompanied by a certified check as the bidding specifications required. Some weeks later the plaintiff submitted to the City Council another bid, this time including his certified check. However, at the time of the hearing on the plaintiff's motion for a preliminary injunction, the subsequent bid had not been accepted. Since the plaintiff had not entered into a contractual relationship with the City of McKeesport

for the disposal of its collected refuse, the lease by its express terms was not binding upon the parties thereto and, consequently, the plaintiff had no right to enter upon or use the property.

Furthermore, another clause of the lease provided that, "In the event any governmental authority prohibits the continued conduct of a sanitary fill or rules the fill completed on the leased premises, this lease shall terminate forthwith without further liability to Lessee." Between the time of the plaintiff's first bid and his second bid for the disposal of the city's collected refuse, the Supervisors of Lincoln Township unanimously voted to revoke the permit which had previously been granted to the plaintiff to conduct a sanitary fill within the township. According to the minutes of the Supervisors' meeting "All dumping in the township was outlawed and the Commissioners revoked the permit they earlier issued to Mr. C. E. McDonald [the plaintiff]." Thus, not only did the lease not come into being by reason of the failure of the specified contingency of a contract between the plaintiff and the City of McKeesport but it was also rendered of no effect because of the action of the Supervisors in prohibiting dumping of refuse within Lincoln Township and the revocation of their prior permit to the plaintiff so to do.

With these facts before him, the chancellor cannot be justly said to have been guilty of an abuse of discretion in denying the preliminary injunction which the plaintiff sought. A preliminary injunction is granted only in a clear case where the ground for it is not open to question: *Herr v. Rumisek*, 303 Pa. 9, 10, 153 A. 728. This limitation upon the specified relief is peculiarly pertinent to cases such as the present where the plaintiff's right to the use of the property in question is subject, at best, to grave doubt. As was said

in *Myersdale & Salisbury Street Railway Company v. Pennsylvania & Maryland Street Railway Company,* 219 Pa. 558, 565-566, 69 A. 92, "The complainant must establish a clear legal right, not doubtful, nor uncertain, and the injury threatened must be of a permanent and irreparable character. Where the complainant's title is doubtful equity will not relieve by injunction: Commonwealth v. Rush, 14 Pa. 186; Bunnell's Appeal, 69 Pa. 59; Commissioners v. Long, 1 Pars. Eq. Cases, 143. It is the duty of the court when an injunction bill has been filed, to inquire and ascertain whether the individual, or corporation, seeking the relief, has a clear legal right to the use, occupation or enjoyment of the property or right, the invasion of which is sought to be enjoined. These are elementary principles in a proceeding in equity."

Decree affirmed at appellant's costs.