420 A.2d 462

John W. DILLON and Marla J. Dillon, his wife; Charles E. Oskin and Mary Lu Oskin, his wife; and Ronald A. Holt and Marlene E. Holt, his wife, Appellants,

v.

Walter A. KLAMUT and Gertrude R. Klamut, his wife; and Chester J. Hetrick and S. Mildred Hetrick, his wife.

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed April 25, 1980.

128

James D. McClister, Kittanning, for appellants.

Kenneth G. Valasek, Kittanning, for appellees.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

**SPAETH, Judge:**

This case involves a dispute between certain inhabitants of the Village of Wattersonville over the proper use of an easement in a street that now borders the Allegheny River.

In order to understand this case it is necessary to present a brief history of the Village of Wattersonville. Benjamin Watterson owned some land in Washington Township, Armstrong County. He had a plan surveyed and on June 11, 1850, he recorded this plan. The plan was laid out and became known as the Village of Wattersonville. It contained 44 lots. The eastern border was the Allegheny River. Three streets ran in a north and south direction: Water Street, nearest to but not bordering the river; McConnell Street, down the middle of the village; and Fish Street, on the west. Another three streets ran in an east and west direction: Apple Street, to the north; Market Street across the middle of the village; and Mulberry Street, to the south. Between Water Street and the river was an open field. The following diagram is not drawn to scale but roughly depicts the village as it was laid out in 1850:

Some time after 1932, the Federal Government erected a dam south of the village. The river was raised to the extent that it now covers not only the field that used to be between Water Street and the river but also part of the street itself. Also, ice floes and soil erosion have worn away much of the street. As a result, only about half of the street remains. It is not paved and can only support pedestrian use.

The dispute in this case concerns Water Street where it intersects Market Street. Appellees, the Klamuts and Hetricks, own lots on Water Street and on both sides of Market Street. The Klamuts own lots 17 and 21; the Hetricks own lots 25, 26 and 27. Appellants, the Holts, Dillons, and Oskins, own lots 18 and 22 on Market Street, directly behind the lots owned by the Klamuts. The following diagram depicts the location of the different lots:

```
                Allegheny        River
_____

              Remains  of  Water  Street

 :::::::::|:::::::::          |*********|*********
 ::lot 17 |::lot 21 |  M      |**lot 25*|**lot 26*
 :::::::::|:::::::::|  a       |*********|*********
 :::::::::|:::::::::|  r       |*********|*********
 :::::::::|:::::::::|  k       |*********|*********
 /////////|/////////  e       |*********|
 /////////|/////////  t       |*********|
 //lot 18 |//lot 22  S        |**lot 27*|
 /////////|/////////  t       |*********|
 /////////|/////////  r       |*********|
 /////////|/////////  e       |
                      e
                      t
              McConnell      Street
_____

  Appellants = /////        Klamuts  = :::::

                             Hetricks =  * * * * *
```

After they moved into their lots in 1975, appellants began to use the remains of Water Street where it intersects Market Street as a beach for picnics and sunbathing. They also filed a petition with the United States Army Corps of Engineers for permission to build a boat dock on the river. When appellees objected to appellants' use of the street as a beach and to construction of the dock, appellants brought an

action in the Court of Common Pleas of Armstrong County for a declaratory judgment. Appellees responded that the street could not be used as a beach and claimed that they had acquired ownership of part of Market Street and the remains of Water Street by adverse possession. After a hearing, the lower court, on June 30, 1977, entered the following judgment:

1. That the implied easement of passage or passage way appurtenant to [appellants'] lots in the Village of Wattersonville over Market Street and Water Street in the plan of said lots has not been eliminated by adverse user or possession of [appellees] and their predecessors in title by adverse possession for a period of twenty–one (21) years.

2. The proposed use of Water Street at the Allegheny River by [appellants] to construct a boat dock or moor boats thereon or to use Water Street as a beach to the Allegheny River for the purpose of picnics or sun bathing is an excessive burden upon the servient tenements not intended or contemplated in the private implied easements and such use is prohibited under the law.

Despite this judgment, appellants continued to use Water Street for access to the river and as a beach. They placed a set of wooden steps on the street, and moored their boat by tying it to some rocks on the riverbank. Appellees moved to enjoin appellants' use of Water Street, and on August 21, 1978, the lower court entered an order enjoining appellants from using Water Street for picnics, sun bathing, swimming, from placing steps on Water Street, and from mooring a boat in the river. The appeal now before us is from this order. Appellants argue that they have an implied easement of access to the river, and that their use of Water Street as a beach does not represent an unreasonable burden on other easement holders or any servient tenements.

Initially, it should be noted that we might well decline to consider appellants' arguments. The lower court rejected them, when it entered its judgment of June 30, 1977. If appellants were dissatisfied with that judgment

they should have appealed it; if they were unsure of its meaning, they should have petitioned the lower court for a clarification. Since appellants did neither, the lower court's conclusion, right or wrong, became the law of the case, and binding on appellants. *See* Restatement of Judgments § 77 (1942); Restatement (Second) of Judgments § 76 (Tent. Draft No. 3, April 16, 1976). We have decided, however, that it will do no harm, and may do some good, if we consider appellants' arguments on their merits.

■ It is settled that a grantee of a lot sold according to a plan of lots upon which streets are plotted acquires an easement in the streets as plotted. *Cohen v. Simpson Real Estate Corp.*, 385 Pa. 352, 123 A.2d 715 (1956); *Schumacher v. Ploplis*, 87 Pa.Super. 265 (1926). *See McAndrews v. Spencer*, 447 Pa. 268, 290 A.2d 258 (1972). Applying this principle, the lower court held that appellants had an easement of a right of passage over Market and Water Streets. Also, the court upheld appellants' easement against appellees' claim of adverse possession. However, the court refused to accept appellants' interpretation of their easement as including the right to use Water Street for access to the river, and as a beach.

■ As a general proposition, it may be said that the establishment of a street or road that leads directly to a body of water creates a right of access to the water. In *Heffenstein v. Reichenbach*, 23 Pa. County Rep. 66 (1898), the plaintiff, pursuant to a lease, took possession of an extensive piece of riverbank, which he used as a landing and storage area for shipments of coal. At one point, from a road parallel to the river a short public road led directly to the riverbank. The defendants drove a wagon down this road and into the river, loaded it with coal from their flats, and drove the wagon back out onto the road. In dismissing the plaintiff's bill for an injunction, the court held that as members of the public, the defendants were entitled to drive their wagon on the public road, both into and out of the river.

■ This decision, however, does not help appellants, for as plotted on the recorded plan, neither Market Street nor Water Street led directly to the river. As has been mentioned, Market Street led to Water Street, and between Water Street and the river there was an open field. Therefore, appellants' easement of passage over Market Street and Water Street was only an easement to use those streets as streets; it did not include the right of access to the river.

■ We recognize that because of a shift in the river, Water Street now touches on the river, and Market Street therefore now does lead directly to the river. However, that shift did not by itself expand appellants' easement. In *Meridian Township v. Palmer*, 279 Mich. 586, 273 N.W. 277 (1937), a public road originally ran along a body of water but after awhile a large amount of soil was relicted to the area between the edge of the road and the shoreline. The landowner whose property abutted the road set off the relicted area as a private beach. The court permitted this use, holding that the road as established only represented a right of public passage and not a right of access to the water. *Cf. Magraw v. Hailman*, 33 Legal Intelligencer 192 (Pennsylvania Supreme Court 1876) (similar situation; question whether relicted area belonged to abutting owners or public left open). For other cases involving a claim of ownership to land between water and a road running along the water, *see Juneau Indep. School District v. Smith*, 92 F.Supp. 617 (D.C. Alaska 1950); *Stevens Hotel Co. v. Chicago Yacht Club*, 339 Ill. 463, 171 N.E. 550 (1930); *Miller v. Coppage*, 261 N.C. 430, 135 S.E.2d 1 (1964). Appellants' position in this case is even weaker than that maintained by those who opposed the abutting landowner in *Meridian Township v. Palmer, supra*. If an easement to use a road established as a road running along the water does not include the right of access to the water, it is all the more apparent that the easement to use Water Street, which was not established as running along the river, did not include the right of access to the river. Moreover, appellants have not proved that the right of passage over Water Street has

been transformed by dedication or adverse use into a right to use the street for access to the river or as a beach. *See McCardel v. Smolen*, 404 Mich. 89, 273 N.W.2d 3 (1978). *See also Brindley v. Borough of Lavallette*, 33 N.J.Super. 344, 110 A.2d 157 (1955).

Even if we were to hold that appellants' easement of passage over Market Street and Water Street included the right of access to the river, it would not follow that appellants had the right to use Water Street as a beach. The use of an easement must be confined strictly to the purposes for which the easement was created. *Garan v. Bender*, 357 Pa. 487, 55 A.2d 353 (1947); *Percy A. Brown & Co. v. Raub*, 357 Pa. 271, 54 A.2d 35 (1947). While a right of passage originally for horse drawn vehicles or pedestrian use may become a right of passage for automobiles if that use will not create an unreasonable burden on the servient tenement, *see Lease v. Doll*, 485 Pa. 615, 403 A.2d 558 (1979); *Piper v. Mowris*, 466 Pa. 89, 351 A.2d 635 (1976); *Garan v. Bender, supra*, this does not mean that an easement holder may, over the objection of other easement holders or the servient tenants, convert a street into a bench. In *Helfenstein v. Reichenbach, supra*, while the court permitted the defendants to drive their wagon into the river and load it there with coal, it also specifically noted that had the defendants used the road itself as a loading dock, the use would have been improper, thus implying that a road is intended, and must be used, for the passage and not for the deposit of goods.

As we read the lower court's original judgment and later order, neither appellants nor appellees may use Water Street as anything but a street. As a matter of law, this was the correct result. If, as we have just held, appellants' easement did not include the right of access to the river, or the right to convert Water Street into a beach, neither could appellees' easement include those rights. As a practical matter, this result may be unfortunate, for it appears to us that Water Street would make a better beach than street. Whether it would make a better beach, however, is not our

concern. A court must respond to the issues as defined by the parties. If the parties' intransigence leaves them both unhappy, that is their fault. A court may express the hope that they will compose their differences, but that is up to them.

Affirmed.