514 A.2d 614

**CANNON BROTHERS, INC., Appellant,**

v.

**John D'AGOSTINO and Jacqueline M. D'Agostino, his wife, Appellees.**

Superior Court of Pennsylvania.

Argued March 13, 1986.

Filed Sept. 2, 1986.

James R. Flick, Media, for appellant.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

This is an appeal from a final decree denying injunctive relief and dismissing a complaint in equity. The learned trial judge held that the plaintiff had failed to establish legal title to or an easement over the disputed tract of land and that, in any event, plaintiff had failed to show an actual or threatened injury. Our review of the record discloses that the plaintiff was able to prove a right of way over the disputed piece of land but that it failed to prove any interference with its right to use the easement for its intended purpose. Therefore, we affirm the decree denying injunctive relief.

Cannon Brothers, Inc., the plaintiff-appellant, and John and Jacqueline D'Agostino, the defendant-appellees, own lands in Ridley Township, Delaware County. Their respective tracts were at one time part of a subdivision owned by a common grantor. According to an unrecorded plan, prepared by the prior, common grantor, the lands now owned by plaintiff and defendants were separated by a stone and gravel right of way known as Stony Brook Drive. This driveway formed the eastern boundary of the lot owned by the D'Agostinos. On the other side of the driveway, to the east thereof, was the land which has now been developed by Cannon Brothers, Inc. The driveway was situated in such a manner that the adjoining lots of Cannon and D'Agostino were not rectangular but irregular. Thus, Stony Brook Drive lay diagonally across the southeast corner of the land owned by the D'Agostinos.

Cannon's land holdings were not limited to the single lot situated along the western side of Stony Brook Drive and opposite the D'Agostino lot. The developer had purchased numerous additional lots from the original subdivision and had constructed apartment buildings thereon. Prior to 1975, when the D'Agostinos acquired title to their lot, the developer had paved the surface of Stony Brook Drive in such a way that it was no longer identifiable as a right of way. Rather, it had become part of a larger area which the developer had paved and set aside for parking. This park-

ing area was adjacent to the foot of an embankment which existed along and formed a part of the eastern portion of the D'Agostinos lot. The southern line of the parking lot was a continuation of the southern boundary of the D'Agostino lot. Concrete parking blocks had been placed by the developer along the southern edge of the parking lot. These blocks prevented traffic from reaching the unpaved continuation of Stony Brook Drive to the south.

When the defendant-appellees took possession in 1975, a dispute arose regarding their right to use the parking lot for free access to the rear of the residence erected on their single lot. The dispute initially was focused upon a triangular area, measuring 28' by 11' by 40', which was a part of the former Stony Brook Drive and which, if added to appellees' lot, would have made it approximately rectangular in shape. The D'Agostinos regularly traversed this disputed segment of the parking lot, which had formerly been a part of Stony Brook Drive, to gain access to the rear entrance of their home. They also parked their automobiles in this area and used it to receive deliveries of heating oil. Tenants of the developer's apartment building also used the disputed area to park their vehicles. Because of parked cars, the D'Agostinos frequently were deprived of access to the rear of their home. They were also unable to park on the triangular corner of the lot which they claimed as a part of their property. Therefore, the D'Agostinos placed four concrete parking blocks on the disputed area along what had been the eastern side of Stony Brook Drive. These blocks interfered with the ability of tenants of the apartment building to park on Stony Brook Drive. The D'Agostinos also parked their vehicles within the area between the blocks and their embankment. When the developer discovered the presence of the blocks on the parking lot, he demanded that appellees remove them and thereafter refrain from parking their automobiles on appellant's parking lot. The D'Agostinos complied by removing the blocks. They then excavated the embankment at the rear of their lot where to this date they continue to park their automo-

biles. Unwilling to relinquish their claim to the disputed area, however, the D'Agostinos later replaced the concrete parking blocks. These blocks again prevented the parking of cars along the disputed southwestern corner of the paved parking lot. However, they did not impede passage to the unpaved continuation of Stony Brook Drive. The developer again demanded that the blocks be removed, but this time the D'Agostinos refused.

The developer then brought an action in equity for an injunction which would have compelled the removal of the blocks and would have enjoined the use of the space by the D'Agostinos.[1] The D'Agostinos responded to the complaint by filing a pro se answer which, although generally denying the developer's ownership of the disputed portion of the parking lot, failed to deny specifically several averments of the complaint as required by Pa.R.C.P. 1029(a). As a result, the court held, the factual allegations of the complaint were deemed to have been admitted.

An injunction is an extraordinary remedy which should be granted only with great caution. *School District of City of Pittsburgh v. Zebra,* 15 Pa.Cmwlth. 203, 208, 325 A.2d 330, 333 (1974). See: *Rick v. Cramp,* 357 Pa. 83, 91, 53 A.2d 84, 88–89 (1947); *Commonwealth v. National Gettysburg Battlefield Tower, Inc.,* 8 Pa.Cmwlth. 231, 248, 302 A.2d 886, 894, *aff'd,* 454 Pa. 193, 311 A.2d 588 (1973). See also: 15 Std.Pa.Prac.2d § 83:3. A court of equity will grant an injunction only where the rights and equity of the plaintiff are clear and free from doubt and the harm sought to be remedied is great and irreparable. See: *Robinson v. Philadelphia,* 400 Pa. 80, 89, 161 A.2d 1, 6 (1960); *McDonald v. Noga,* 393 Pa. 309, 312–313, 141 A.2d 842, 844 (1958); *Williams v. Bridy,* 391 Pa. 1, 7, 136 A.2d 832, 836 (1957); *Rick v. Cramp, supra* 357 Pa. at 91, 53 A.2d at 88–89; *Windber Borough v. Spadafora,* 356 Pa. 130, 134, 51 A.2d 726, 728 (1947). See also: 18 P.L.E. *Injunctions*

---

**1.** In addition to the claim for injunctive relief, the complaint also contained a claim for monetary damages, but this was withdrawn prior to trial.

§ 1. A party seeking to enjoin an invasion of his or her right in and to real property must demonstrate that he or she has a clear right to the property in question. *McDonald v. Noga, supra* 393 Pa. at 312, 141 A.2d at 844; *Williams v. Bridy, supra.* See: 15 Std.Pa.Prac.2d § 83:56. To meet this burden, the plaintiff must rely upon the strength of his or her own title or other legal right to the property, and not upon the weakness of the title or legal right asserted by the defendants. *Myersdale & Salisbury Street Railway Co. v. Pennsylvania & Maryland Street Railway Co.*, 219 Pa. 558, 566, 69 A. 92, 94–95 (1908). See: 15 Std.Pa.Prac.2d § 83:56.

The trial court found that the developer had failed to prove title to the triangular area in dispute. Appellant's evidence in this respect was uncertain and wholly inadequate to establish title to the bed of Stony Brook Drive. The failure of appellant's proof of title has been discussed at length in the opinion of the trial judge and need not be repeated here. On the other hand, the evidence does establish that the appellant-developer did have an easement to use Stony Brook Drive for right of way purposes.

 "A right of way is an easement which may be created by express grant." *Merrill v. Manufacturers Light and Heat Co.*, 409 Pa. 68, 73, 185 A.2d 573, 575 (1962) (citations omitted) (emphasis deleted). An easement may also be created by implication in the descriptive language of a deed which does not otherwise expressly grant such a right. See: *Burns Manufacturing Co. v. Boehm*, 467 Pa. 307, 313–314, 356 A.2d 763, 767 (1976). See also: 12A P.L.E. *Easements* § 31. Where title is conveyed according to a subdivision plan and the deed description defines the boundary of a lot by reference to a roadway which is not a highway or dedicated to a public use, the grantee acquires an easement by implication over it. *Beechwood v. Reed*, 438 Pa. 178, 181, 265 A.2d 624, 626 (1970); *Jones v. Sedwick*, 383 Pa. 120, 123–124, 117 A.2d 709, 711 (1955); *Scoppa v. Myers*, 341 Pa.Super. 61, 63, 491 A.2d 148, 149 (1985); *Taylor v. Gross*, 195 Pa.Super. 225, 231, 171 A.2d 613, 617

(1961); *Hoover v. Frickanisce,* 169 Pa.Super. 443, 446, 82 A.2d 570, 572 (1951); *Tursi v. Parry,* 135 Pa.Super. 285, 288–289, 5 A.2d 399, 401 (1939). In the case sub judice, the deed to the developer contained the following language:

> "Together with the free and common use, right, liberty and privilege of ... Stony Brook Drive as and for a driveway, passageway and watercourse at all times hereafter forever in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof."

The deed conveying title to appellant, moreover, refers to Stony Brook Drive as the western boundary of the land conveyed. If appellant's grantor had the right to grant such a right of way, therefore, it seems clear that the deed to appellant contained language which was effective to convey to appellant the right to use Stony Brook Drive for right of way purposes.

Appellant's evidence did not establish that its grantor had an easement or right of way over Stony Brook Drive which it could convey to appellant. However, the admissions contained in appellee's answer to the complaint were such as to make up for the deficiency in appellant's evidence. These admissions conceded that appellant had an interest in Stony Brook Drive. The right of way, moreover, was shown on the development plan prepared by the common predecessor in title many years before.

Appellant's interest in this right of way, however, was no greater than the right of way conveyed to the D'Agostinos by their deed and chain of title. The right shared by the adjoining landowners was to use Stony Brook Drive in common for right of way purposes. To use it for other purposes, such as for a parking lot which obstructed free passage over the right of way, was not authorized. Appellees recognized this and reacted properly. Thus, they excavated the rear of their lot to provide parking space for their vehicles. They could achieve access to the rear of their lot, however, only if Stony Brook Drive remained unobstructed by parked vehicles of appellant's tenants.

■ The concrete parking blocks which the D'Agostinos placed on the disputed corner of the parking lot do not obstruct the use of Stony Brook Drive for right of way purposes. These blocks serve only to prevent tenants of appellant from parking their vehicles (in spaces designated by appellant) so as to obstruct free passage over the right of way. Under these circumstances, the trial court could properly conclude, as it did, that appellant had not been harmed by appellees' conduct. Appellant's right to use Stony Brook Drive in common with other adjoining landowners had not been impaired. Appellant was merely prevented from continuing its flagrantly improper and unauthorized use of Stony Brook Drive as a parking lot in a way which prevented unimpeded use thereof as a right of way. See: *Percy A. Brown & Co. v. Raub,* 357 Pa. 271, 284, 54 A.2d 35, 42 (1947) (when an easement is held in common by several owners, one may not use it in a manner excluding the others); *Dillon v. Klamut,* 278 Pa.Super. 126, 134, 420 A.2d 462, 465 (1980) (use of an easement must be confined strictly to the purpose for which the easement was created). See also: *Moyerman v. Glanzberg,* 391 Pa. 387, 393, 138 A.2d 681, 684 (1958) quoting *Kern v. Greensweig,* 125 Pa.Super. 430, 436, 190 A. 182, 185 (1937) (an injunction will be denied where the plaintiff does not come into court with "clean hands"); 15 Std.Pa.Prac.2d § 83:52.

To summarize, the evidence failed to show that the appellant-developer owned the land in dispute but did demonstrate the existence of an easement over the land for right of way purposes. The cement parking blocks placed thereon by the defendant-appellees did not impede free passage over the right of way; the blocks served only to prevent the appellant-developer's use thereof as a parking lot in a manner which prevented appellees and others from using the right of way to gain access to the rear of their land and for other legitimate purposes. Under these circumstances, the trial court's decree denying the appellant-developer's request for injunctive relief was correct.

Decree affirmed.