675 A.2d 1287

Daniel L. SPRANKLE, Calvin Moon, Joseph McCutcheon, June L. McCutcheon, Dale K. Furry, Shirley A. Furry, Benjamin R. Zoll, Sylvia Zoll, Bill Anderson, Vincent Deleo, Art Decampli, William Diehl, Thomas A. Hostler, Grace H. Gates, Margery C. Snellbaugh, Anna E. Hostler, Charles E. Hostler, Mary Hostler, Margaret I. Yaudes, Dorothy J. Garman, Robert G. Hostler, Donald Kimberling, Margaret M. Kelly, Thomas W. Kelly, C. Donald Fink, Joyce Fink, Frank Long, Jr., Sarah Jane Long, James H. Bigelow, Mary Bigelow, Maxine M. Searer, and Howard Searer

v.

Craig BURNS, Charles H. Sprankle, Wanda S. Christine, and David Christine

Appeal of Craig BURNS.

Superior Court of Pennsylvania.

Submitted Oct. 2, 1995.

Filed Jan. 17, 1996.

Reargument Denied May 21, 1996.

320

David M. Axinn, Hollidaysburg, for appellant.

J. Kirk Kling, Altoona, for appellees.

Before WIEAND, McEWEN and HESTER, JJ.

WIEAND, Judge:

This is an appeal from an order which enjoined the defendant, Craig Burns, from blocking or otherwise impeding pas-

322

sage over a road lying across unenclosed woodland in Blair County. The trial court reasoned that defendant should be enjoined (1) because he had failed to prove that his ownership of the underlying surface extended to the full width of the road at all points; and (2) because the court intended to declare the road a public way, it was unnecessary to determine whether neighboring landowners had prescriptive rights in the roadway.[1] Unfortunately, the trial court was wrong on both counts. Moreover, the court's refusal to consider the prescriptive rights of the plaintiffs, if any, prevented consideration of the Act of April 25, 1850, P.L. 569, § 21, as reenacted and amended by the Act of July 1, 1981, P.L. 198, § 1, 68 P.S. § 411. This statute prohibits the creation of a right of way by adverse user through unenclosed woodland.

On appeal from an adjudication in an equity matter, the scope of review of an appellate court is narrow and is limited to determining whether the findings of fact are supported by competent evidence, whether an error of law has been committed or whether there has been a manifest abuse of discretion. *Velazquez v. Gupta,* 443 Pa.Super. 18, 21, 660 A.2d 645, 647 (1995); *Purdy v. Zaver,* 398 Pa.Super. 190, 196, 580 A.2d 1127, 1130 (1990). However, "conclusions of law or fact, being derived from nothing more than the chancellor's reasoning from underlying facts and not involving a determination of credibility of witnesses, are reviewable." *Krosnar v. Schmidt Krosnar McNaughton Garrett Co.,* 282 Pa.Super. 526, 534, 423 A.2d 370, 374 (1980). See also: *Felmlee v. Lockett,* 466 Pa. 1, 7, 351 A.2d 273, 276 (1976).

Daniel Sprankle and Calvin Moon initiated this action against Craig Burns, and others having an interest in the Burns tract which is situated at or near the beginning of a certain road, claiming that they had acquired the right to use the road by prescription and that the road was the only means of access to their property. The road is an old dirt road located in a predominantly wooded area of Brush Mountain in Blair County. Burns had blocked vehicle access to portions of

1. The parties are agreed that the plaintiffs do not have an express easement over the roadway and that the roadway is not a public road.

the road and thereby had thwarted Sprankle and Moon's attempts to use the roadway for timbering purposes. At the trial court's request, Sprankle and Moon contacted additional landowners along both sides of the road and advised them of their action. Many of these landowners were joined as plaintiffs. The road runs in a southerly direction for three to four miles from Skelp Road before reaching a dead end.

"A party seeking to enjoin an invasion of his or her right in and to real property must demonstrate that he or she has a clear right to the property in question." *Cannon Bros. Inc. v. D'Agostino*, 356 Pa.Super. 286, 291, 514 A.2d 614, 617 (1986). See also: *McDonald v. Noga*, 393 Pa. 309, 313, 141 A.2d 842, 844 (1958). "An easement or right-of-way by prescription arises by adverse, open, continuous, notorious, and uninterrupted use of the land for twenty-one years." *Matakitis v. Woodmansee*, 446 Pa.Super. 433, 440, 667 A.2d 228, 231 (1995). See: *Bodman v. Bodman*, 456 Pa. 412, 414, 321 A.2d 910, 912 (1974); *Shaffer v. Baylor's Lake Assoc.*, 392 Pa. 493, 496, 141 A.2d 583, 585 (1958); *Burkett v. Smyder*, 369 Pa.Super. 519, 522, 535 A.2d 671, 673 (1988). "To meet [his or her] burden, the plaintiff must rely upon the strength of his or her own title or other legal right to the property, and not upon the weakness of the title or legal right asserted by the defendants." *Cannon Bros. Inc. v. D'Agostino, supra.*

A review of the record in this case discloses an utter failure by the plaintiffs to show a prescriptive right to use the roadway. When the trial court found the existence of an easement over the right of way because defendant had failed to prove ownership of the roadway to its entire width, the trial court clearly erred. The burden was on the plaintiffs to demonstrate that they had a legally recognized right to use the roadway. This, as we have observed, they failed to do. They did not meet their burden by challenging the quality of the defendant's ownership of the subsurface of the road.

The trial court "declared [the] roadway to be open as a public way;" and, therefore, did "not reach the question raised by the parties with respect to an easement by prescription."

This too was error. The record discloses no basis that would permit the court to declare a public right of way by taking private property.

In view of the trial court's action, the court did not consider whether the plaintiffs had established an easement by prescription over the roadway. Therefore, the court heard insufficient evidence and failed to make findings of fact. Similarly, the court did not consider the Act of April 25, 1850, P.L. 569, § 21, reenacted and amended by the Act of July 1, 1981, P.L. 198, § 1, 68 P.S. § 411.[2] Under this statute, " 'a right by prescription to a road through unenclosed woodland cannot be obtained.' " *Minteer v. Wolfe*, 300 Pa.Super. 234, 242, 446 A.2d 316, 321 (1982), quoting *Kurtz v. Hoke*, 172 Pa. 165, 173, 33 A. 549, 550 (1896). This statute applies equally to alleged private and public prescriptive easements. See: *Brake v. Crider*, 107 Pa. 210 (1984). It is the character of the land itself which is determinative of the application of the Act of 1850. *Humberston v. Humbert*, 267 Pa.Super. 518, 521, 407 A.2d 31, 32 (1979). See also: *Matakitis v. Woodmansee*, 446 Pa.Super. 433, 667 A.2d 228 (1995).

Appellees attempt to overcome the statute by arguing that they are not mere "users," as that word is used in the statute, rather they are "owners of uninclosed woodlands accessed by and abutting the subject road." This position is untenable, however, given the clear wording of the statute. "The act of 1850 ... admits of but one meaning, viz. that a right by prescription to a road through unenclosed woodland cannot be obtained." *Minteer v. Wolfe, supra* at 242, 446 A.2d at 320–321. See also: *Trexler v. Lutz*, 180 Pa.Super. 24, 27, 118 A.2d 210, 211 (1955). This result is not unjust. The landowners along the road are not without a proper remedy. See, e.g.: Act of June 13, 1836, P.L. 551, § 11, Act of April 4, 1901, P.L. 65, § 1, Act of April 28, 1927, P.L. 485, § 1, 36 P.S. § 2731 et

2. The statute provides:
"No right of way shall be hereafter acquired by user, where such way passes through uninclosed woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or enclosure."

seq. (discussing the laying out, opening and repair of private roads). See also: Eminent Domain Code, Act of June 22, 1964, P.L. 84, § 101, 26 P.S. § 1–101 et seq.

Appellees asserted a prescriptive right to use a road through woodland. Since the road passes through unenclosed woodland, the Pennsylvania statute prohibits adverse user from establishing a prescriptive easement through such lands. Because the appellee-plaintiffs failed to establish a valid, prescriptive right to use the road, the order of the trial court must be reversed.

Reversed.