**White v. Foley**

C.P. of Butler County, E.Q. no. 00-50027.

*James L. Weinberg,* for plaintiffs.
*Frank G. Salpietro,* for defendants.

O'BRIEN, *S.J.,* August 14, 2001—Plaintiffs and defendants are adjacent landowners. Plaintiffs are the record owners of lot no. 13 in the Abbey Woods plan of lots. Plaintiffs purchased said lot in May of 1999. Defendants are the record owners of lot no. 11 in the Abbey Woods

plan of lots. Defendants purchased said lot in July of 1997.

On August 14, 2000, plaintiffs filed a complaint in equity against the defendants. In that complaint, plaintiffs alleged that the defendants were committing a continuing trespass on a portion of plaintiffs' property. Specifically, the plaintiffs allege that the defendants are committing a continuing trespass in that they (1) installed children's play equipment and a drainage pipe on plaintiffs' property; and (2) have repeatedly allowed and encouraged their children and other children to play on plaintiffs' property.

Subsequent to the filing of their complaint, plaintiffs filed a motion for a preliminary injunction. In that motion, plaintiffs requested the court enjoin defendants from entering on plaintiffs' property and to order defendants to remove the play equipment from plaintiffs' property. At the preliminary injunction hearing, the court received testimony from both plaintiffs and from defendant Ann Claire Foley. Based on the evidence presented at that hearing, the court entered an order on June 4, 2001 granting plaintiffs' requested relief.

Defendants have filed a notice of appeal of the court's June 4 order. In accordance with Pa.R.A.P. 1925(b), defendants then filed a concise statement of matters complained of on appeal. Pursuant to Pa.R.A.P. 1925(a), the court files this memorandum opinion addressing the issues raised in defendants' concise statement of matters complained of on appeal.

On appeal, defendants raise the following issues:

"(1) Whether an injunction prohibiting the use of real property by the party who had last peaceable, uncon-

tested possession and use of that property is improper where there is a legitimate dispute over right of easement or title to the property.

"(2) Whether an injunction prohibiting the use of real property by the party who had last peaceable, uncontested possession of that property is improper when sought more than two years after the alleged use of the disputed property began, and where there has been no showing of immediate, irreparable harm to justify the extraordinary remedy of injunctive relief."

Under Pennsylvania law, a party is entitled to a preliminary injunction where (1) the petitioner makes a strong showing that he is likely to succeed on the merits; (2) the petitioner has shown that without the requested relief, he will suffer irreparable injury; (3) the injunction will not substantially harm the other parties; and (4) the injunction will not adversely affect the public interest. *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz,* 529 Pa. 241, 602 A.2d 1277 (1992). The court will address each of these elements individually.

## LIKELIHOOD OF SUCCESS ON THE MERITS

The underlying cause of action in this matter is one for trespass. Liability for trespass arises from the intentional entry upon the land of another without privilege. *Kopka v. Bell Telephone Co. of Pennsylvania,* 371 Pa. 444, 91 A.2d 232 (1952). At the hearing on the preliminary injunction, plaintiffs presented ample evidence that they have a high likelihood of success on the merits in an action for trespass.

The law of this Commonwealth is clear that a party seeking to enjoin an invasion of his or her right to real property must first demonstrate a clear right to the property in question. *Sprankle v. Burns,* 450 Pa. Super. 319, 675 A.2d 1287 (1996). Further, the petitioner must rely on and prove the strength of his or her own title and right as opposed to the weakness of the respondent's assertion of title. *Williams v. Bridy,* 391 Pa. 1, 136 A.2d 832 (1957).

At the hearing, plaintiffs produced evidence which tends to show that they are the rightful owners of the disputed property. Such evidence included a copy of the plaintiffs' deed to their property in connection with a survey of their property and a survey of defendants' property. Additionally, plaintiffs introduced one of defendants' pleadings from a pending lawsuit between defendants and the builder of their home. In that pleading, defendants allege such things as "a significant portion of the property which the Foleys had improved and believed they owned was apparently owned by the Whites" and "the property did not belong to the Foleys."

As for the other element for a successful trespass action, plaintiffs introduced evidence that defendants have intentionally placed play equipment on the disputed property and that their children continually use the disputed property. Further, defendants have not shown that they are privileged to enter the disputed property.

Therefore, based on the evidence presented, the court concluded that plaintiffs have a high likelihood of success on the merits in an action for trespass.

## IRREPARABLE HARM—NO ADEQUATE REMEDY AT LAW

At the hearing, plaintiffs argued that the continued use of the "disputed property" exposes them to significant liability for potential injuries, thereby causing them irreparable harm. This court agreed. It is widely known, that children are often injured in and around playgrounds and on playground equipment. To subject those who claim title to property with those hazards present to liability exposure for injuries to alleged trespassers creates the potential for irreparable harm.

Further, it has been held that "if damages may be substituted for the land, it will amount to an open invitation to those so inclined to follow a similar course and thus secure valuable property rights." *Dodson v. Brown,* 70 Pa. Super. 359 (1918).

## SUBSTANTIALLY HARM THE OTHER PARTIES

Pennsylvania law directs that, on a preliminary injunction motion, the court must determine if a greater harm will result by denying injunctive relief. *Maritrans, supra.* In this case, the balance of the equities strongly favored the grant of the injunction. As already mentioned, the nature of the alleged trespass subjects plaintiffs to significant liability for injuries that may occur on the property to which they claim title. On the other hand, enjoining the defendants will cause them little to no harm. Testimony at the hearing revealed that the injunction would in no way impede access to defendants' property. Further, the photographs received into evidence show

that defendants have ample yard space to which the play equipment can easily be moved.

## LACHES DEFENSE

The defendants argue that plaintiffs' delay in bringing the within motion prevents them from seeking a preliminary injunction. However, the court finds that the delay was due to ongoing negotiations between the parties in an attempt to resolve the controversy short of a legal battle. Immediately upon learning of the defendants use of a portion of their property, plaintiffs promptly contacted the defendants in an attempt to discuss the situation. When negotiations failed, the plaintiffs filed the complaint almost immediately.

Further, plaintiffs did not delay in filing the motion for preliminary injunction. Defendants claim that since nine months passed between the filing of the complaint and the filing of the motion for preliminary injunction, plaintiffs should be estopped from claiming a need for immediate relief. The explanation given by the plaintiffs for the lapse of time between the filing of the complaint and the filing of the motion for preliminary injunction was that it was during the winter months when use of the property by the defendants' children was greatly minimized. Therefore, plaintiffs argue, the need to seek immediate protection was greatly minimized. The court found this explanation reasonable as well as credible.

## CONCLUSION

Based on the evidence presented at the hearing on the motion for preliminary injunction, the court concluded

that the plaintiffs met their burden of proof and that the defendants failed to show the court why granting the injunction would not be appropriate.