J-S19033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| EVAN SHINGLES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSICA JOHNSON | : | No. 2091 EDA 2021 |
| | : | |
| | : | |

Appeal from the Order Entered September 28, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  191003045

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 14, 2022**

Appellant Evan Shingles (hereinafter "Atty. Shingles") appeals the order entered by the Court of Common Pleas of Philadelphia County granting the motion for a compulsory nonsuit filed by Appellee Jessica Johnson ("Ms. Johnson").  After careful review, we affirm.

Atty. Shingles is the owner of property at 2832 and 2834 Poplar Street in the City and County of Philadelphia (collectively the "Shingles property"). Ms. Johnson owns a neighboring property at 2833 Ogden Street.  The rear of the parties' properties face each other and are separated by a three-foot wide alley ("Poplar Alley"), which is the northern border of Ms. Johnson's property.

---

* Former Justice specially assigned to the Superior Court.

Poplar Street, Ogden Street and Poplar Alley run parallel in a west to east direction.

On October 25, 2019, Atty. Shingles commenced this action by writ of summons. On March 10, 2020, Atty. Shingles filed a complaint alleging that Ms. Johnson was liable for trespass and sought damages or in the alternative, injunctive relief. Atty. Shingles alleged that Poplar Alley "is the private property of the residents of the 2800 block of Poplar Street only, by and through current deed and/or chain of title." Compl., 3/10/20, at ¶ 2. Atty. Shingles asserted that Ms. Johnson had trespassed on his private property when she "used and built upon Poplar Alley before first obtaining the permission of the residents of the 2800 block of Poplar Street." *Id*. at ¶ 3.

More specifically, Atty. Shingles asserted that in the fall of 2013, Ms. Johnson hired contractors, who blocked Poplar Alley with the storage of construction materials in order to build a deck "that extends onto private property, owned in part by [Atty. Shingles]." *Id*. at ¶ 10. Atty. Shingles argued that Ms. Johnson's "new structure … unlawfully occupies part of the dedicated alley (Poplar Alley) and therefore represents a taking of private property." *Id*. at ¶ 40. Further, Atty. Shingles alleged that Ms. Johnson illegally installed a propane line and raised the height of the fence in violation of Philadelphia city codes. *Id*. at ¶ 19, 30.

With respect to the trespass count, Atty. Shingles demanded a judgment against Ms. Johnson in the amount of $50,000.00. *Id*. at ¶ 51. With respect

to the equity count, Atty. Shingles requested an injunction which would ultimately "enable the demolition of the illegal construction." *Id*. at ¶ 63.

As a result of the judicial emergency caused by the coronavirus pandemic, the bench trial in this case was delayed until August 25, 2021 and was held via Zoom videoconference.

Atty. Shingles' counsel first called Ms. Johnson to testify as on cross-examination. Ms. Johnson testified that in the fall of 2019, she hired contractors to replace the wood on her back deck and reinforce the existing deck foundation. Notes of Testimony (N.T.), 8/25/21, at 21-36. Ms. Johnson admitted the contractors used Poplar Alley to access her deck, but once they began work, the contractors were on her deck and stored construction materials under the deck. N.T. at 32-33. Ms. Johnson denied storing materials in the alley or blocking the alley in any way. N.T. at 28.

Ms. Johnson testified that the renovated deck actually has a smaller footprint than the original deck and denied that the new wood boards continued beyond the prior placement of the deck. N.T. at 28, 34-35. Ms. Johnson indicated that she had to take down a fence on the edge of her deck to complete the construction, but simply replaced old boards with new boards. N.T. at 30-33.

Atty. Shingles testified on his own behalf, attempting to focus on his allegations that Ms. Johnson did not seek the proper permits to complete the deck renovation. Atty. Shingles also attempted to allege that the fence which Ms. Johnson removed to complete the renovation delineated the property line.

Upon sustaining an objection from Ms. Johnson's counsel, the trial court found that Atty. Shingles could not testify that the fence delineated the property line without actual measurements.

At the conclusion of Atty. Shingles' testimony, Ms. Johnson's counsel moved for a compulsory nonsuit. When the trial court indicated that Atty. Shingles had failed to meet his burden in presenting evidence to support his claim, Atty. Shingles objected, claiming he had not rested his case, but wished to call one last witness, namely Maryanne Meyer. N.T. at 55. Ms. Johnson objected, indicating that Atty. Shingles had never identified Ms. Meyer as a witness in his pretrial memorandum. N.T. at 56. The trial court sustained this objection.

Thereafter, the trial court entered a compulsory nonsuit in favor of Ms. Johnson after finding Atty. Shingles had failed to present sufficient evidence to entitle him to relief. Atty. Shingles filed a Motion for Post-Trial Relief seeking removal of the nonsuit and a new trial. On September 28, 2021, the trial court entered an order denying Atty. Shingles' Post-Trial Motion. This timely appeal followed.

Atty. Shingles raises the following issues for our review on appeal:

1. Was the entry of the nonsuit in the trial of this matter premature and should it be removed?

2. Does the conduct of the hearing by Judge Kennedy indicate that a new trial should be granted?

Atty. Shingles' Brief, at 2.

With respect to the entry of the compulsory nonsuit, our standard of review is as follows:

> In reviewing the entry of a nonsuit, our standard of review is well-established: we reverse only if, after giving appellant the benefit of all reasonable inferences of fact, we find that the factfinder could not reasonably conclude that the essential elements of the cause of action were established. Indeed, [w]hen a nonsuit is entered, the lack of evidence to sustain the action must be so clear that it admits no room for fair and reasonable disagreement.... The fact-finder, however, cannot be permitted to reach a decision on the basis of speculation or conjecture.

*Rolon v. Davies*, 232 A.3d 773, 776–77 (Pa.Super. 2020) (quoting *Vicari v. Spiegel*, 936 A.2d 503, 509 (Pa.Super. 2007) (internal citations and quotation marks omitted). In reviewing the entry of a compulsory nonsuit, [t]he appellate court must review the evidence to determine whether the trial court abused its discretion or made an error of law." *Baird v. Smiley*, 169 A.3d 120, 124 (Pa.Super. 2017) (quoting *Barnes v. Alcoa, Inc.*, 145 A.3d 730, 735 (Pa.Super. 2016)).

Pennsylvania Rule of Civil Procedure 230.1, which governs the entry of a compulsory nonsuit, provides in relevant part:

> (a)(1) In an action involving only one plaintiff and one defendant, the court, on oral motion of the defendant, may enter a nonsuit on any and all causes of action if, at the close of the plaintiff's case on liability, the plaintiff has failed to establish a right to relief.
>
> ***
>
> (2) The court in deciding the motion shall consider only evidence which was introduced by the plaintiff and any evidence favorable to the plaintiff introduced by the defendant prior to the close of the plaintiff's case.

Pa.R.C.P. 230.1.

- 5 -

In both of his arguments, Atty. Shingles suggested that the entry of nonsuit was premature and the trial court abused its discretion in granting the nonsuit before Atty. Shingles had closed his case. Atty. Shingles specifically claims on appeal that he had one more witness to call during his case-in-chief, *Ms. Johnson's expert witness*, Timothy Crouse, PE. Atty. Shingles alleges he intended to call Mr. Crouse to show that Ms. Johnson's deck encroaches into the common alleyway by at least four inches.

However, during trial, after Ms. Johnson moved for a compulsory nonsuit, Atty. Shingles claimed the motion for nonsuit was premature as he still had planned to call "one more witness," namely Maryanne Meyer. N.T. at 56. As noted above, the trial court declined to allow Ms. Meyer to testify as Atty. Shingles had failed to name her as witness in his pretrial memorandum.

Thereafter, Atty. Shingles neither made any attempt to call Mr. Crouse nor sought to offer his own expert witness or any other witness in his case-in-chief. As a result, he cannot now argue for the first time on appeal that he should have been permitted to offer Mr. Crouse's testimony before the trial court ruled on the motion for compulsory nonsuit. Our rules of appellate procedure provide that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302.

Therefore, we find no merit to Atty. Shingles' claims that the trial court's grant of a compulsory nonsuit was premature when he failed to demonstrate to the trial court that he had any additional evidence or witnesses to present. Similarly, we find Atty. Shingles is not entitled to a new trial on this basis.

To the extent that Atty. Shingles is challenging the entry of the compulsory nonsuit, we find he is not entitled to relief. In this action, Atty. Shingles sought to prove that Ms. Johnson was liable for trespass. It is well-established that "in order to establish a claim for trespass, a plaintiff must prove an intentional entrance upon and in the possession of another without a privilege to do so." *Kennedy v. Consol Energy Inc.*, 116 A.3d 626, 636 (Pa.Super. 2015) (citing *Kopka v. Bell Tel. Co.,* 371 Pa. 444, 91 A.2d 232, 235 (1952)).

This Court has adopted the Restatement (Second) of Torts § 158, which provides:

> **§ 158 Liability for Intentional Intrusions on Land**
>
> One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally
>
> (a) enters land in the possession of the other, or causes a thing or a third person to do so, or
>
> (b) remains on the land, or
>
> (c) fails to remove from the land a thing which he is under a duty to remove.

Restatement (Second) of Torts § 158 (1965).

In addition, "[a] party seeking to enjoin an invasion of his or her right in and to real property must demonstrate that he or she has a clear right to the property in question." *Sprankle v. Burns*, 675 A.2d 1287, 1289 (Pa.Super. 1996) (citing *Cannon Bros. Inc. v. D'Agostino,* 356 Pa.Super. 286, 291, 514 A.2d 614, 617 (Pa.Super. 1986)). "To meet [his or her] burden,

the plaintiff must rely upon the strength of his or her own title or other legal right to the property, and not upon the weakness of the title or legal right asserted by the defendants." **Sprankle**, 675 A.2d at 1289 (citing **Cannon Bros.**, 514 A.2d at 617).

Atty. Shingles claims the trial court erred in finding that he had failed to meet the necessary burden to sustain a cause of action against Ms. Johnson. We disagree.

While Atty. Shingles claimed in his complaint that Ms. Johnson had trespassed on his private property in accessing Poplar Alley, Atty. Shingles provided no evidence that his property included the alley. Rather, the language of the deeds to the Shingles property confirms that the boundary lines for the property extend to Poplar Alley but do not include the alley itself.

The deed for Atty. Shingles' property at 2832 Poplar Street includes the following language:

> ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected, SITUATE, on the South Side of Poplar Street at the distance of Two hundred eighty-eight feet Westward from the West side of Twenty-eighth Street in the Fifteenth Ward of the City of Philadelphia, aforesaid.
>
> CONTAINING in front or breadth on the said Poplar Street Eighteen feet and extending of that width in length or depth Southward between lines parallel with said Twenty-Eighth Street Seventy-Two feet, five inches **to a certain Three feet wide alley extending from said Twenty-eighth Street to Twenty-ninth Street.**
>
> Being NO, 2832 Poplar Street.
>
> ***

> ***TOGETHER with the free and common use, right, liberty, privilege of the said alleys as and for a passageway and watercourse at all times hereafter, forever.***

***See*** Complaint, Exhibit B.

Atty. Shingles' deed to 2834 Poplar Street contains nearly identical language delineating the alley as the property's southern boundary. Both deeds clearly indicate that Poplar Alley is not located within the Shingles properties, but instead grant Atty. Shingles an easement to use the alleys "as a passageway and watercourse" as long as he owns the Shingles properties.

The parties agree that Ms. Johnson's deed to 2833 Ogden Street provides that Poplar Alley is the northern border to her property, but the parties disagree on whether her deed expressly grants Ms. Johnson a similar right to use and access the alley.

Nevertheless, we need not address that issue as we agree with the trial court's finding that Atty. Shingles failed to "present any evidence establishing the easement's measurements, nor did [he] present any evidence of [Ms. Johnson's] alleged trespassing." Trial Court Opinion, 1/25/22, at 6.

As noted above, the only evidence Atty. Shingles offered to delineate the easement's measurements was his allegation that the fence separating Ms. Johnson's property from the alley was on the property line. The trial court sustained Ms. Johnson's objection to this testimony in the following exchange:

> [Counsel for Atty Shingles:] Did Ms. Johnson take down a fence during the construction?
>
> [Atty Shingles:] She destroyed a fence. A fence that delineated the easement and their property line.

[Counsel for Ms. Johnson:]  Objection, Your Honor. He has no evidence to show that.

[Trial Court:] Sustained.

[Counsel for Atty Shingles:] And is it your understanding that that fence was to delineate the easement?

[Atty Shingles:]  Yes, that was my understanding.

[Counsel for Atty Shingles:]  And is it your understanding, as a member of the bar, having read the metes and bounds of the deed and the fact that it ran for the entire block, that this was the –

[Atty Shingles:] Yes.

[Counsel for Atty Shingles:]  And does the deck continue past where that fence was?

[Atty Shingles:] Yes.

[Counsel for Ms. Johnson:] Your Honor. Objection. There's no evidence or no measurements.

[Trial Court:]  Sustained.  The fact that [Atty. Shingles] is a member of the bar doesn't give him expertise in knowing what the easement is and the easement line.  You have to get someone out there to do the measurements as part of your case to show that this property was over that easement line.  You can't just say because I'm a member of the bar and I read the deed that it was. Measurements have to be taken to establish that it went over the line.

N.T. at 50-53.

The trial court pointed out that Atty. Shingles could have hired a surveyor to make exact measurements.  The trial court remarked that "[d]espite having experts available to him and being familiar with the trial process because of his profession as a litigation attorney, [Atty. Shingles] chose not to utilize experts to establish the easement."  T.C.O. at 7.

Moreover, Atty. Shingles presented no evidence that Ms. Johnson violated the easement. As Atty. Shingles failed to meet his burden to establish the measurements of the easement and the exact location of Ms. Johnson's deck, he cannot prevail on his claim that her construction of the deck improperly crossed her property line.

As noted above, Ms. Johnson testified during Atty. Shingles' case-in-chief that the contractors accessed her backyard using the alley, but once they started work, the contractors were on her deck and stored construction materials under her deck. Atty. Shingles presented no evidence that Ms. Johnson blocked the easement during the two-week construction in 2019 or at any other point.

While Atty. Shingles focused most of his testimony at trial on his allegation that Ms. Johnson installed a gas grill on her deck without proper permits in violation of city ordinances, the trial court correctly concluded that such issues were not relevant to the trespass action but were for the Department of Licenses and Inspections to resolve. N.T., at 25-26, 49-52.

Accordingly, we conclude that the trial court did not err in finding that a compulsory nonsuit was proper as Atty. Shingles failed to meet his burden to prove a *prima facie* case of trespass and has not shown that he is entitled to injunctive relief.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/14/2022*