365 A.2d 850

Anthony J. MELLACE, a/k/a Antonio Mellace and Palma S. Mellace,
his wife, Appellees,

v.

James H. ARMSTRONG and Louisa V. Armstrong, his wife, Appellants.

Supreme Court of Pennsylvania.

Argued June 30, 1975.

Decided Nov. 24, 1976.

Basil C. Clare, Ridley Park, for appellants.

A. Sidney Johnson, Jr., Kenneth A. Clouse, Media, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

In January of 1972, appellants, James H. Armstrong and Louisa V. Armstrong erected a fence gate across an·

alley located between appellants' property and the property of appellees, Anthony J. Mellace and Palma S. Mellace. Appellees then brought an action in equity to compel the removal of the fence which according to the appellees, obstructed their right of way to use the alley. Appellants answered and filed a counterclaim alleging that they had acquired title to the alley by adverse possession. The trial court held in favor of appellees. This appeal followed.

Both the property of the appellants and that of the appellees abut the alley in question. Appellees acquired their property by two deeds dated 1943 and 1944. By these deeds, appellees were granted free and unobstructed use of a twelve foot wide alley in common with other abutting owners. Appellants acquired their property in 1959. This property had been in appellant's family for a number of years as a result of two deeds dated 1929 and 1943. In 1920 appellant's predecessor in title began cutting the grass and pulling the weeds growing in the alley. In 1937, the predecessor planted an iris garden which extended across the alley and was contained by a one foot high wall. In 1942, the appellants' predecessor planted a "victory garden" in the alley, and a year or two later constructed a white picket fence across the alley. In 1958, the appellants planted several hemlock and other evergreen trees on the same path as the picket fence, and in 1962 they removed the fence which had by then been in existence for eighteen years and nine months. Appellants do not dispute that the appellees obtained an easement by the 1943 and 1944 deeds, nor do they dispute that the appellees used the easement. They contend, however, that even though they did not prevent passage and did not completely block the use of the alley, their activities extinguished the easement. We do not agree.

The trial court concluded that although the appellants had "exercised indicia [of] ownership," over the alley,

the events which took place "were not in derogation" of the appellees' "easement rights of passage." The trial court found that there was "nothing in the testimony presented to indicate that that alley was so obstructed as to preclude plaintiffs' passage." It is not clear from the trial court's opinion whether the alley was unobstructed at all relevant times, or whether the alley was obstructed for the period of eighteen years and nine months when the white picket fence was in existence. This issue was disputed at trial. Appellants claimed that the alley was not used as a passageway and could not have been used when the white picket fence existed because the gate was always locked. Appellees on the other hand presented evidence that the gate was never locked and that the alley was used at all times by passage through the gate. The trial court did not specifically resolve this conflict in the evidence; however, it is undisputed that the white picket fence existed for less than twenty-one years, and the trial court found that the alley was unobstructed at all other times. The record shows that the alley was then used regularly by the appellees to reach certain stores and other places of interest, and that other abutting property owners also used the alley regularly. A borough engineer also testified that in 1964, when work was being done in the area, he walked freely through the area of the alleyway and that it was unobstructed at that time.

The trial court thus concluded that the appellants had failed to sustain their burden of proof that they or their predecessors in title had adversely possessed the alley for twenty-one years in such a way as to obstruct appellees' easement. *See Vlachos v. Witherow,* 383 Pa. 174, 118 A.2d 174 (1955).

Appellants contend that use of the alley as a passageway by appellees or other persons despite the growing grass, the victory garden, or the low stone wall around the iris bed, is immaterial to appellants' claim of

adverse possession. We do not agree. Such facts might be immaterial if the issue were whether the appellants acquired the fee by adverse possession, since one may acquire title to the fee by adverse possession even though many other persons used the land as guests or trespassers. The same is not true, however, when we are considering whether or not an easement by deed has been extinguished. Even the nonuse of an easement acquired by deed will not cause the easement to be extinguished when an adverse possessor of the land for twenty-one years has not acted adversely to the easement. *See e. g., Graham v. Safe Harbor Water Power Corp.*, 315 Pa. 572, 173 A. 311 (1934).

In *Graham,* the plaintiffs instituted an action in trespass to recover damages caused by the flooding of their property. Twenty-nine years earlier the defendants had acquired an easement permitting them to flood the plaintiffs' property. The plaintiffs claimed that various acts of ownership over a twenty-one year period had the effect of extinguishing by adverse possession the "paper right" to flood owned by the defendant. This Court decided:

> "The weakness of plaintiffs' position is the fact that the possession pleaded and proved *was not 'adverse' or 'hostile' to defendant's floodage rights.* If, for example, plaintiffs or their predecessors had built on his land barriers that would have prevented the floodage by defendant of these lands, and these barriers existed for twenty-one years, the possession might be considered as 'adverse' or 'hostile' to the floodage rights which defendant owned and which he had the legal right to exercise. The use of the property by [plaintiff's predecessor in interest] did not interfere with the easement . . . [owned by the defendant]. (Emphasis added.) 173 A. at 312.

As we said in *Stozenski v. Borough of Forty Fort, Luzerne County*, 456 Pa. 5, 317 A.2d 602 at 605 (1974):

> "The repudiation of the rights of other persons in a right-of-way must be manifested by words or acts which are inconsistent with or infringe upon the other persons' right to pass across the land whenever the necessity to do so arises."

The flaw in appellants' position here is the fact that the possession alleged and proved was not adverse or hostile to appellees' right of passage through the alley. There is nothing in the record to indicate that appellants denied appellees their right to pass through the alley or that appellants use of the land for twenty-one years was inconsistent with appellees' right. Since the appellants have failed to establish that for a period of twenty-one years they used the alley in a manner which was adverse and hostile to the appellees easement by deed, the trial court correctly concluded that the easement remains in full force and effect and properly ordered the appellants to remove the fence.

Appellants have raised several issues in their brief. Either these issues were not raised in the trial court and thus will not be considered by this Court, *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), or they have been considered by us and found to be without merit.

Decree affirmed. Each party to pay own costs.