562 A.2d 271

**Andrew ESTOJAK and Michael Estojak, Appellants,**

**v.**

**John MAZSA and Sarah Mazsa, h/w, A. Derwood Johnson and Elizabeth A. Johnson, h/w, Marjorie Kovacks and Bethlehem Precast, Inc., Appellees.**

Supreme Court of Pennsylvania.

Submitted April 11, 1989.

Filed July 10, 1989.

354

Jack A. Panella, Easton, for appellants.

Chester A. Reybitz, Bethlehem, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This appeal presents a single issue: whether the appellants' easement, a right of ingress and egress over appellees' property, was extinguished by adverse possession. We answer in the negative.

Appellants, Andrew and Michael Estojak, own and operate a business known as Andy's Auto Body on Jennings Street in Bethlehem, Northampton County. The property on which this business is located is situated in a plan known as the Minsi Trail Farm, the plan of which was recorded in the Northampton County Recorder's Office on August 13, 1925.

On July 16, 1986, appellants purchased two additional lots in the Minsi Trail Farm Plan which lots (designated Lots Nos. 3 and 4 on the Appendix hereto) are located at the intersection of Yeates Street and East Union Street, two streets that were dedicated for public use on the recorded plan, but which were never accepted by the municipality for public use and were never opened to the public. On July

22, 1985, appellants bulldozed and graded a roadway over East Union Street from Yeates Street through to its intersection with Jennings Street in order to gain ingress and egress to their newly purchased lots, and to facilitate travel from their business on Jennings Street to said lots.

Appellees are owners of certain lots adjacent to appellants' newly purchased lots on East Union Street. Appellees John and Sarah Mazsa own the lot east of appellants' lot no. 3 on the north side of East Union Street and fronting on Jennings Street (appellees Mazsas' lot is designated lot no. 1 on the Appendix); appellees A. Derwood and Elizabeth A. Johnson own the lot east of appellants' lot no. 4 on the south side of East Union Street and fronting on Jennings Street (appellees Johnsons' lot is designated lot no. 2 on the Appendix). Shortly after appellants bulldozed and graded the roadway across East Union Street, appellees Mazsa and Johnson erected a fence on East Union Street between their respective lots in order to prevent appellants from using said roadway for ingress and egress to their property.

On August 26, 1985, appellants filed a declaratory judgment action pursuant to 42 Pa.C.S.A. §§ 7531-7541 asking the Court of Common Pleas of Northampton County to declare and establish their right of access over the unopened portions of East Union Street and Yeates Street, and requesting the court to restrain and enjoin appellees from blocking said access. In their complaint for a declaratory judgment and other relief, appellants alleged, inter alia, that when the City of Bethlehem failed to accept the unopened portions of East Union and Yeates Streets within twenty-one years after their dedication, the city's rights to said streets lapsed and ownership of the property dedicated for use as a public street "reverted" to appellees as owners of the adjacent land. The complaint further alleged, however, that "this ownership is subject to the private rights of owners of land within the Minsi Trail Farm Subdivision to use the land for access in and about the Subdivision."

Appellees' answer and counterclaim admitted that the ownership of the unopened portions of East Union and

Yeates Streets had "reverted" to the appellees as abutting landowners, but denied that appellants had any right of access over said property. To the contrary, appellees claimed that any right of access over said unopened streets had been extinguished by appellees' adverse possession of the land for a period in excess of twenty-one years. Appellees requested that appellants be denied any right of access over East Union and Yeates Streets and, further, that the appellants be ordered to restore the property to its original condition and to pay damages for the unlawful removal of trees and shrubs.

Trial was conducted on April 2, 1986 and the parties stipulated that ownership of the disputed property was as set forth in the complaint, i.e. that ownership of the disputed portions of East Union and Yeates Streets had "reverted" to the adjoining property owners, the appellees Mazsa and Johnson.[1] It was further stipulated that the disputed portions of East Union and Yeates Streets are laid out on the recorded Minsi Trail Farm Plan as being fifty feet in width and that the City of Bethlehem had never owned said unopened streets. Further, the parties "agree that the only legal issue which is to be addressed in this matter is whether or not the various [appellees] have extinguished the [appellants'] right of easement over the disputed portions of the unowned streets by adverse possession." Notes of Testimony (N.T.), April 2, 1986, at 4.

As it was also agreed that the parties claiming the benefit of adverse possession had the burden of proof, appellees Mazsa and Johnson presented their evidence on this issue.[2]

1. Given this stipulation of the parties, we assume for purposes of this appeal that appellees Mazsa and Johnson are the owners in fee of the disputed portions of East Union Street.

2. No evidence was presented as to the disputed portions of Yeates Street owned by another defendant below, Marjorie Kovacks, who owns the lot on Yeates Street to the south of appellants' southern lot. (Ms. Kovacks' lot is designated lot no. 5 on the Appendix.) The trial court ruled that appellants' right of easement over said property had not been extinguished and remains intact. No exceptions were taken from that portion of the trial court's decree, and its validity is not, therefore, before us.

A. Derwood Johnson and his wife, Elizabeth A. Johnson, testified that they had lived at 745 Jennings Street (lot no. 2 on Appendix) since 1958, and that they had continuously maintained the adjoining portions of East Union Street as a yard and play area for the enjoyment of their family since that time. Shortly after they moved into this residence, Mr. Johnson put in a driveway, laid with stone, alongside his house and located eight to ten feet within East Union Street which was just a grassy area with a few cherry trees and an apricot tree thereon when the Johnsons moved in. Mr. Johnson cut the grass and maintained the East Union Street property as an extension of his yard, and never saw anyone drive through or over this property. Mr. Johnson testified that in July, 1985, a cherry tree was cut down without his permission which was in the path of the appellants' roadway.

The Johnsons never erected or placed anything on the disputed property that would block access to and over East Union Street, i.e. no fence, walls, gates, buildings, plants or shrubs were ever built or planted that would block access or would indicate that access was restricted. There was a hurricane fence alongside the Johnson house, but that was inside their property line as were hedges and trees planted by the Johnsons. Mr. Johnson testified that there was never a need to erect any sort of barrier to block access over East Union Street because the natural contour of the land formed an embankment along Jennings Street which acted as a natural barrier to prevent the passage of vehicular traffic. Other than their neighbors, the Mazsas, no one walked over this East Union Street property.

Appellees John Mazsa and his wife, Sarah Mazsa, testified that they had bought their property at 803 Jennings Street (lot no. 1 on the Appendix) in 1950 and immediately built and moved into a house thereon. The Mazsas also testified that they and their family used East Union Street as an extension of their yard for family gatherings, play, and gardening. (Mr. Mazsa had an organic garden which extended into East Street about ten feet, but which was not

disturbed by appellees' bulldozing/grading.) Mr. Mazsa planted some willow trees on East Union Street, but there was no testimony as to their location, or whether they were still alive in 1985. The Mazsas had also cut the grass on East Union Street and continually maintained it as a lawn or yard since they moved in.

The Mazsas never erected or placed anything on the disputed property to restrict access over East Union Street or to indicate to the public that access was restricted. Their testimony was that no barriers were necessary because it was "impossible" to gain access to East Union Street because of the natural embankment along Jennings Street (although pedestrian traffic was possible).

Appellant Andrew Estojak testified that he graded and bulldozed the disputed portions of East Union Street in order to gain access to his property located adjacent thereto (lots no. 3 and 4 on the Appendix). Mr. Estojak never knew of anything done by appellees to give the impression that access over East Union Street was restricted, and he stated that on several occasions he had walked or driven a small all-terrain vehicle (ATV) over said property without being told to stop.

Messers. Johnson and Mazsa testified on rebuttal that they had seen or were aware that Andrew Estojak had driven ATVs over East Union Street on several occasions and had not complained to him or asked him to stop, although Mr. Mazsa did give him a "dirty look" one time.

The trial court ruled in favor of appellees. The court correctly recognized that, where a municipality fails to accept or open a dedicated street in a plan within twenty-years, the owners of property within the plan or subdivision retain private rights of easement by implication over the unopened streets. See the Act of May 9, 1889, P.L. 173, No. 192, § 1 Pa.Stat.Ann. title 36, § 1961 (Purdon's 1961); Cohen v. Simpson Real Estate Corp., 385 Pa. 352, 355–56, 123 A.2d 715, 717 (1956); Dillon v. Klamut, 278 Pa.Super. 126, 420 A.2d 462 (1980); Riek v. Binnie, 352 Pa.Super. 246, 507 A.2d 865 (1986). However, the court held that such an

easement may be extinguished by adverse possession, stating that to "claim title by adverse possession, one must prove actual, visible, notorious, exclusive and distinct, hostile and continuous use for 21 years. *Dunlap v. Larkin,* 342 Pa.Super. 594, 493 A.2d 750 (1985)." Opinion in Support of Decree Nisi dated August 27, 1986, Slip op. at 3. Relying on *Dunlap* and *Reed v. Wolyniec,* 323 Pa.Super. 550, 471 A.2d 80 (1983), the trial court concluded "that all of the elements of adverse possession [by appellees] have been established as to the unopened portion of East Union Street." *Id.* at 4. Accordingly, the court rendered the following conclusions of law:

1. Failure of a municipality to open a street for 21 years does not extinguish the private easement of abutting property owners.

2. Use of a piece of land for lawn purposes in connection with the residence, together with continued maintenance of the lawn, is sufficient to establish adverse possession. *Id.*

On October 24, 1986, the trial court entered its final order in this case, an Amended Decree Nisi which stated that appellant's private easement rights to the unopened portion of East Union Street from the intersection with Jennings Street to the intersection with Bryan Street (i.e., that portion adjacent to the property owned by appellees Johnson and Mazsa) had been extinguished by the adverse possession of appellees Johnson and Mazsa. On appeal to the Superior Court, this final order was affirmed by memorandum opinion. 371 Pa.Super. 652, 534 A.2d 137.

Appellants asserted on appeal that the trial court applied the wrong legal standards to determine whether the appellants' easement had been extinguished by adverse possession, and that the record did not support a finding of extinguishment by adverse possession under the appropriate standards. The Superior Court agreed with appellants that the trial court applied the wrong legal standards to the issue, namely the standards applicable to the acquisition of *title* to property by adverse possession as opposed to the

standards for extinguishing an easement over a servient tenement. Nevertheless, Superior Court affirmed on the grounds that the record evidence was sufficient to establish extinguishment of appellants' easement over East Union Street under the appropriate legal standards. In Superior Court's view, the acts of appellees in maintaining the property as a lawn/yard coupled with the "natural topographical surface" of the property sufficiently obstructed ingress and egress over East Union Street for the prescriptive period to extinguish the easement by adverse possession.

We granted appellants' petition for allowance of appeal from Superior Court, and we now reverse. Superior Court was correct in its identification of the proper legal standards governing this case, but it clearly erred in its application of those standards to the record evidence.

The standards for determining the acquisition of title to land by adverse possession and for determining whether an easement over property has been extinguished by adverse possession contain the same basic elements—in each situation, the possession that will acquire title or extinguish an easement must be actual, continuous, adverse, visible, notorious and hostile possession of the land in question for the prescriptive period of twenty-one years. *See, e.g., Dunlap v. Larkin, supra* and cases cited therein, *and Stozenski v. Borough of Forty Fort,* 456 Pa. 5, 317 A.2d 602 (1974). However, the focus of these standards is markedly different in the two situations, for conduct that is sufficient to acquire title to land may not be sufficient to extinguish someone else's easement over (or use of) that land. To extinguish an easement over (or use of) the servient tenements, the servient tenement owner must demonstrate a visible, notorious and continuous adverse and hostile use of said land which is inconsistent with the use made and rights held by the easement holder, not merely possession which is inconsistent with another's claim of title.

Fairly recent decisions of this Court illustrate the above distinction between claim of title versus extinguishment of

an easement by adverse possession, and are dispositive of the instant case. In *Mellace v. Armstrong,* 469 Pa. 326, 365 A.2d 850 (1976), appellant landowners claimed that they had extinguished appellee adjacent property owner's easement by adverse possession over a period of twenty-one years, as they had erected a fence for some eighteen years, and had planted a "victory garden," hemlocks and other trees and plants in the common alleyway. In rejecting appellants assertions, we stated:

Appellants contend that use of the alley as a passageway by appellees or other persons despite the growing grass, the victory garden, or the low stone wall around the iris bed, is immaterial to appellants' claim of adverse possession. We do not agree. Such facts might be immaterial if the issue were whether the appellants acquired the fee by adverse possession, since one may acquire title to the fee by adverse possession even though many other persons used the land as guests or trespassers. The same is not true, however, when we are considering whether or not an easement by deed has been extinguished. Even the nonuse of an easement acquired by deed will not cause the easement to be extinguished when an adverse possessor of the land for twenty-one years has not acted adversely to the easement. *See e.g., Graham v. Safe Harbor Water Power Corp,* 315 Pa. 572, 173 A.311 (1934).

 * * * * * *

As we said in *Stozenski v. Borough of Forty Fort, Luzerne County,* 456 Pa. 5, 317 A.2d 602 at 605 (1974):
"The repudiation of the rights of other persons in a right-of-way must be manifested by words or acts which are inconsistent with or infringe upon the other persons' right to pass across the land whenever the necessity to do so arises."
469 Pa. at 329–31, 365 A.2d at 852.

In *Stozenski v. Borough of Forty Fort, supra,* property owners on either side of a dedicated but unopened street as laid out in a subdivision plan had maintained the "street"

area for more than twenty-one years as a lawn or yard, by cutting grass on either side of the area and by the existence of a low concrete curb running lengthwise through the middle of the street area. Another landowner in the subdivision (which happened to be the municipality, as a grantee of land therein) sought to use the "street" area as a private easement. In rejecting the plaintiff property owners' (servient tenement owners') claim of extinguishment of easement by adverse possession, we stated:

"[T]he adverse possession that will bar easements must be actual, continuous, adverse, visible, notorious, and hostile possession of the land in question for twenty-one years." ... "[T]here must be shown, by word or act, an express repudiation of the interests acquired by others, and an intention to set up a hostile claim." ... The repudiation of the rights of other persons in a right-of-way must be manifested by words or acts which are inconsistent with or infringe upon the other persons' right to pass across the land whenever the necessity to do so arises.... No particular conduct is required, but the obstructing conduct must be inconsistent with one's right to use and enjoy the easement....

In the present case, nothing was done which interfered with the use and enjoyment of the twenty foot wide road easement by the defendant or any of its predecessors in title. The grass and the low curbing did not in any way obstruct or inhibit ingress and egress from Wyoming Avenue, over the road easement, to defendant's property. Plaintiffs' use of a two foot strip and an eight foot strip on either side of the road as part of their yards was not inconsistent with the defendant's easement rights. The plaintiffs erected no fences, planted no trees or shrubbery, constructed no walls or gates—did nothing, from which an inference can be drawn that they disclaimed any of the defendant's right-of-way interest in the land. Moreover, it is irrelevant that defendant and its predecessors in title may never have improved, maintained, or used the road as a means of ingress or egress to their property. Nonuse, no matter for what duration of time,

will not extinguish an easement.... We conclude that the plaintiffs' use of the road easement was permissive—not adverse. The trial court did not err in denying plaintiffs' claim of adverse possession. (Citations omitted.)

456 Pa. at 8–9, 317 A.2d at 605–06. *See also Piper v. Mowris,* 466 Pa. 89, 351 A.2d 635 (1976) (erection of a gate and fence which did not actually obstruct right of way and planting of nonobstructing trees did not establish adverse possession adequate to extinguish easement).

 Applying the appropriate standards to the instant case, it is clear that appellees failed to meet their burden of establishing adverse possession of the disputed portion of East Union Street sufficient to extinguish the private right of ingress and egress held by other land owners within the Minsi Trail Farm Plan. As these appellees admitted on cross-examination, they took no action and erected no barriers that obstructed the East Union Street right of way in any manner, nor did they take any action or erect any structure or plant any trees, shrubs, etc. that would give the impression that access to the right of way was restricted.

It is true that these appellees did maintain, care for and use the disputed portions of East Union Street as extensions of their own yards over an extended period of time and may have considered said property their own. Indeed, we sympathize with these neighbors who saw their children grow up enjoying their extended yard which they maintained continuously in a labor of love and who watched the unannounced bulldozer rip its way through their yard and through their tranquility. However, the law is clear on this issue—because appellees did nothing which could remotely be deemed to be inconsistent with the right of ingress and egress over East Union Street until after appellants graded the roadway and did not repudiate such right of way by word or deed, the private easement for ingress and egress held by appellants and other landowners within the Plan was not extinguished and remains intact.

Appellees and Superior Court improperly relied upon the existence of a "natural obstruction," i.e., an embankment, to the use of the easement for ingress and egress over East Union Street. Appellees have offered no authority, and our research has found none, for the proposition that the existence of a "natural barrier" to use of an easement which existed when the easement was created may supply the elements of adverse, hostile and notorious use by the servient tenement owners so as to extinguish the easement. Regardless of any natural embankment barrier to vehicular traffic which existed when the easement was created by operation of law, or of the cherry tree which existed when appellees acquired their property and which was removed to clear the roadway, the dispositive fact is that *appellees did nothing* to restrict access over East Union Street or to indicate to the world that they repudiated the private rights of easement held by the landowners in the Minsi Trail Farm Plan.

We hold, therefore, that appellants' easement over the disputed portions of East Union Street for ingress and egress to their property has not been extinguished by adverse possession by appellees.[3]

Accordingly, the order of Superior Court affirming the decree of the Court of Common Pleas of Northampton County is reversed.

NIX, C.J., joins the majority and files a concurring opinion.

---

**3.** As noted, this case presented only the single issue of whether adverse possession had extinguished appellants' private easement for ingress and egress. We were not asked to decide whether the "improvements" to said easement by appellants, i.e., the bulldozing and grading of the roadway, unduly burdened the servient tenement owners' property, nor have we been asked to determine whether use by vehicular traffic for operation of an auto body repair business exceeded the scope of the easement over East Union Street. The parties have narrowly confined the issue as stated, and we have correspondingly confined our decision.

APPENDIX

NIX, Chief Justice, concurring.

I join in the majority opinion holding that extinguishment of an easement by deed can only be accomplished by acts hostile to the use encompassed by the easement. *Mellace v. Armstrong,* 469 Pa. 326, 365 A.2d 850 (1976); *Stozenski v. Borough of Forty Fort,* 456 Pa. 5, 317 A.2d 602 (1974). I write separately only to note that I would not foreclose the

possibility of reliance on a natural barrier, coupled with acts adverse to the easement, in an appropriate case.