J-A09011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| KENNETH L. & BOBBIE J. GINDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARISSA L. EBY | : | |
| | : | |
| Appellant | : | No. 1103 MDA 2022 |

Appeal from the Judgment Entered August 4, 2022
In the Court of Common Pleas of Lebanon County
Civil Division at No(s): 2021-00638

BEFORE: PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.: **FILED: JULY 28, 2023**

Carissa L. Eby lives next door to Kenneth L. and Bobbie J. Ginder in Annville. In between their homes is a grass-covered area, once planned to connect two parts of Water Street. That connection was never opened by Annville. In June 2021, the Ginders filed an action to quiet title against Eby seeking to claim title to that area in an effort to prevent Eby's use of the land. The trial court found that title to the property belonged to the Ginders based on the subdivision plan that divided the Ginders' property and the surrounding area.

In this appeal, Eby claims that the trial court lacked subject matter jurisdiction, erred by failing to require the Ginders to trace the title of their property back to the original inception of the street, erred by refusing to take judicial notice of older deeds, and erred in terminating her rights to the unopened street.

The Ginders and Eby both own homes that are bordered by South King Street on one side and Water Street, the unopened street, on another side. *See* Complaint, 6/3/21, at ¶¶ 1-5. In their action to quiet title against Eby, the Ginders claimed that they and their predecessors in title are the only people who have used the portion of Water Street in question and they have done so exclusively and adversely to anyone else, including Eby. *See id*. at ¶¶ 6, 10-11, 13-16. The Ginders claimed that they own the portion of Water Street from their property to halfway through the street by virtue of the street being unopened but their claim to the entire street was based on their adverse possession of it. *See id*. at ¶¶ 12, 16-17.

Eby answered the complaint, denying the Ginders' claims of adverse possession, asserting her own, other neighbors and the public's use of the land in question. *See* Answer and New Matter, 6/28/21 at ¶¶ 6, 10-17. Eby also asserted her regular and notorious use of the property in question and requested dismissal of the complaint. *See id*. at ¶¶ 18-26.

A bench trial was held. The trial court's decision regarding the title to Water Street hinged on whether the title should revert only to the Ginders, because their lot was included in the subdivision plan with the unopened street, or whether Eby's property, added later, has title to the half of the street closest to her property. *See* Adjudication, 3/4/21, at 15. Following its review of the law, the trial court determined that title to an unopened street reverts solely to property owners whose title extends back to the original plan that dedicated the street in question. *See id*. The trial court found that the Ginders

- 2 -

possessed title to the land in question, and even if they did not, they would have acquired it through adverse possession and the doctrine of consentable lines due to their use of the property and Eby's shrubbery that constituted a boundary line around her property. **See id**. at 21-22. Eby filed this timely appeal.

On appeal, Eby first complains that the trial court lacked subject matter jurisdiction. Eby argues that all the property owners in the area should have been named in the lawsuit and they are indispensable parties because they all possess a right to the disputed portion of Water Street. **See** Appellant's Brief at 13-14.

The question of whether a trial court possesses subject matter jurisdiction is one of law and our standard of review is *de novo*. **See Domus, Inc. v. Signature Building Systems of PA, LLC**, 252 A.3d 628, 634 (Pa. 2021). Eby focuses on and correctly argues that failing to join an indispensable party to a lawsuit implicates the trial court's subject matter jurisdiction. **See Strasburg Scooters, LLC v. Strasburg Rail Road, Inc.**, 210 A.3d 1064, 1069 (Pa. Super. 2019). "The failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction." **Id.** (citation omitted).[1]

---

[1] As Eby's challenge to subject matter jurisdiction is non-waivable, she did not waive this argument by failing to present it prior to or during trial in this matter. With that said, we note that this matter is an exemplar of the wisdom of the general rule requiring issues to be presented to a trial court in the first

*(Footnote Continued Next Page)*

"A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *Northern Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 29 (Pa. Super. 2015) (citation omitted). Therefore, if no litigant seeks relief from a person and that person's rights would not be affected by any decision rendered in the litigation, that person cannot be indispensable to the case. *See id.*

Trial courts must weigh four considerations in their effort to determine whether a party is indispensable: whether they hold an interest in the claim, what the nature of that interest is, if that interest is essential to the merits of the case, and whether their due process rights would be violated by the outcome of the case. *See Strasburg Scooters*, 210 A.3d at 1069. Ultimately, a party is indispensable when the case cannot be decided fairly without their involvement. *See id*.

We have held that indispensable parties in an action to quiet title are those that claim title to the property in dispute. *See Northern Forests*, 130 A.3d at 29. Eby argues that the trial court's rulings impact the rights not only of nearby property owners but also the public at large. She highlights the court's conclusion that the Ginders have obtained title to the unopened stretch

---

instance. Prior to Eby's post-trial motions, neither the parties nor the trial court were focused on the issue of other indispensable parties. Upon being alerted to the issue, however, the trial court undertook a thorough review of the issue in light of the evidence of record and concluded that the language it used in its adjudication could be clarified to more clearly respect the interests of third parties. While the issue would have been preserved in any event, the trial court's efforts in clarifying its adjudication clearly served the interests of justice.

of Water Street through adverse possession as "[p]articularly troubling[.]" Appellant's Brief, at 15.

> How does one square the finding that adverse possession, with its required element of exclusivity, has been established, with the [c]ourt's caveat that the rights of non-parties to use the street are not impacted? If others have the right to use the street, should not the element of exclusivity have been defeated?

***Id. See Estojak v. Mazsa***, 562 A.2d 271, 274-275 (Pa. 1989).

However, Eby's argument fails because she has not established that any party is indispensable. First, her argument does not acknowledge that the trial court's amended order was explicitly confined to the "disputed area." **See** Order of Court, filed 7/13/2022, at ¶ 5. And the court explicitly defined the "disputed area" as "a strip of land which adjoins both parties' properties on [the unopened portion] of Water Street." **See** Adjudication, filed 3/4/2022, at 2; **see also** Trial Court Opinion, filed 7/13/2022, at 2 ("[Forbes's] property does not abut the portion of unopened Water Street which constitutes the disputed area in this litigation."). As such, the order is limited in scope to just that section of unopened Water Street that adjoins both Eby's and the Ginders' properties. While we acknowledge that there is a reasonable probability that Forbes and Clements have property interests in other portions of unopened Water Street, the same cannot be said, in the absence of further evidence, about the disputed area.

Second, Eby failed to present any evidence that could lead a fact-finder to reasonably infer that Forbes and Clements have any property interest in

the disputed area. While Eby did present some evidence that Forbes and Clements have used other portions of unopened Water Street, she does not identify, and we cannot locate, any evidence that they made use of the disputed area.

Finally, the trial court's amended adjudication clarified that if a third party could establish any rights in the disputed area, the order did not extinguish them. **See** Order of Court, filed 7/13/2022, at ¶ 6.

Under these circumstances, we conclude Eby has failed to identify any other indispensable parties to this lawsuit. As a result, Eby's first argument on appeal merits no relief.

Eby next argues that the trial court erred in finding in favor of the Ginders because they did not reach their burden of proof at trial. **See** Appellant's Brief at 4. Eby claims the trial court erred in failing to require the Ginders to show title from a time when her property and their property were commonly owned and to show proof of the original inception of Water Street. **See id**. Eby further argues that the trial court ignored a deed from 1941 that referred to Water Street. **See id**.

There is no doubt the Ginders bore the burden of proving their title in the trial court. **See Landis v. Wilt,** 222 A.3d 28, 34 (Pa. Super. 2019). Our review of the trial court's finding in favor of the Ginders we are limited to determining whether the finding was supported by competent evidence and free of legal error. **See id**.

In undertaking our review, we must view the evidence in the light most favorable to the Ginders. *See id*. We must not disturb the trial court's finding if we find no error of law or abuse of discretion. *See id*. "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. LeClair*, 236 A.3d 71, 78 (Pa. Super. 2020) (citations omitted).

At trial, the Ginders introduced a map showing the original plan for the subdivision containing their property. *See* Exhibit P-7. That plan, designed in 1974 to subdivide what was then the Estate of Anthony Clodoveo into smaller properties, shows their property and Water Street. *See* N.T., 11/18/21, at 35. The Ginders established their chain of title from the subdivision plan which created their property. Bobbie Ginder's parents received the property from the Administrator of the Clodoveo Estate in 1979. *See id*. at 84, Exhibit P-5. Bobbie Ginder received the property from her parents in 1984. *See* N.T., 11/18/21, at 83-4, Exhibit P-3, P-4. The Ginders have resided on the property ever since, with the belief that the unopened Water Street was part of their property. *See* N.T. 11/18/21, at 82, 86-8.

Eby's arguments regarding the Ginders' failure to carry their burden of proof include references to facts and exhibits not in the certified record and therefore not considered by the trial court. *See* Appellant's Brief at 21-22. Eby also focuses on the deed from 1941 which conveyed land to Anthony

Clodoveo, prior to the creation of the subdivision. *See* Exhibit P-10. This deed refers to Water Street and Eby argues that the existence of Water Street prior to 1974 negates the trial court's findings. *See* Appellant's Brief at 28.

The trial court weighed this evidence in its decision and still found that the unopened portion of Water Street was dedicated to Annville in the 1974 subdivision plan. *See* Trial Court Opinion, filed 7/13/2022, at 14-15. As such, the unopened portion reverted to the Ginders when the township failed to open it within the twenty-one-year statutory period. *See Landis*, 222 A.3d at 34.

In contrast, Eby's repeated references to Water Street implicate the street as a whole, despite the trial court's clear indication that this case refers only to the unopened portion of the street located in between Eby's property and the Ginders'. *See* Order, 7/13/22, ¶ 2. Based on our review of the record, we find the trial court's conclusion to be supported by the competent evidence presented at trial. Eby's second issue on appeal merits no relief.

Eby next argues that the trial court was required to take judicial notice of several deeds that she presented in a post-trial motion. *See* Appellant's Brief at 28. After filing her post-trial motions, Eby filed a request for judicial notice in support of her post-trial motions. *See* Motion, 4/1/22. Eby attached to her motion a list of deeds tracing lines of title to various addresses located around the property in question. *See id.* at 5-7. The trial court denied Eby's request. *See* Order, 5/2/22.

Eby argues that the rules of evidence strictly require the trial court to take judicial notice as she requested. *See* Appellant's Brief at 28-29. The rule on judicial notice provides:

> (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
> (b) Kinds of Facts that may be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>> (1) is generally known within the trial court's territorial jurisdiction; or
>> (2) can be accurately and readily determined from sources whose accuracy cannot be questioned
> (c) Taking Notice. The court:
>> (1) may take judicial notice on its own; or
>> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

Pa.R.E. 201.

This rule, contrary to Eby's argument, does not establish a blanket requirement that all proposed evidence be judicially noticed. The purpose of judicial notice is to avoid the procedure of formally introducing evidence in the narrow situations where the fact to be introduced is so commonly known that evidence proving it is needless. *See In re Estate of Krasinski*, 188 A.3d 461, 474 (Pa. Super. 2018) (*en banc*). Here we are reviewing the trial court's ruling on admission of evidence, and we note that such a ruling is within the trial court's sound discretion and we will only disrupt it if we find an abuse of discretion or error of law. *See U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 391 (Pa. Super. 2015).

The record before us reflects that Eby requested a two-page long list of deeds be judicially noticed, post-trial, with no explanation as to their content or value to the case and no proof of their existence or validity. *See* Motion, 4/1/22. Eby argues that she supplied the information and the trial court must take judicial notice pursuant to Pa.R.E. 201(c)(2). *See* Appellant's Brief at 29. However, we agree with the trial court that Rule 201 does not override Pa.R.Civ.P. 227.1(b)(1).

Rule 227.1 governs post-trial motions in civil matters. And Rule 227.1(b)(1) requires all issues raised in a post-trial motion to have preserved either prior to or during trial. *See*, *e.g.*, *Thomas Jefferson University v. Wapner*, 903 A.2d 565, 572 (Pa. Super. 2006) ("The purpose of Rule 227.1(b) is to provide the trial court with an opportunity to review and reconsider its earlier rulings and correct its own error." (citation omitted)). Here, it is undisputed that Eby failed to preserve the relevance and admission of these deeds prior to or during trial. Eby merely argues that Pa.R.E. 201 takes precedence over Pa.R.Civ.P. 227.1(b)(1).

We disagree. Pursuant to Pa.R.Civ.P. 129(c), "[e]xceptions in a rule shall be construed to exclude all others." Importantly, Rule 227.1(b) provides an exception the preservation requirement in subsection (b)(1): "[e]xcept as otherwise provided by Pa.R.E. 103(a) …" Since our Supreme Court provided an explicit exception for Rule of Evidence 103(a), we must construe Rule 227.1(b) as explicitly excluding exceptions for any other Rule of Evidence. Therefore, a trial court is not required to take judicial notice of evidence

- 10 -

submitted for the first time in post-trial motions. We therefore conclude the trial court did not err in refusing to take judicial notice of the deeds proffered by Eby for the first time in her post-trial motions.

Finally, Eby argues that the doctrines of adverse possession and consentable lines are not sufficient to terminate her rights. **See** Appellant's Brief at 30. In order to claim title by adverse possession the claimant must prove actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land in question, over a period of twenty-one years. **See Shaffer v. O'Toole**, 964 A.2d 420, 423 (Pa. Super. 2009). Importantly, however, the trial court did not primarily rely on either the doctrine of adverse possession or consentable lines in finding that the Ginders had title to the disputed property. Instead, the trial court explicitly found that the land in question had automatically reverted to the Ginders' possession when Annville failed to open the disputed portion of Water Street. The trial court only discussed adverse possession and consentable lines as alternative theories it could have relied upon if its conclusion about reversion were to be found in error. As such, even assuming without so deciding that Eby is correct in her arguments, she is due no relief, as she has failed to convince us that the trial court erred in concluding that title reverted to the Ginders after Annville failed to open that portion of Water Street.

Judgment affirmed.

Judge Kunselman joins the memorandum. Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023