# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fox Clearing, LLC,                                          :
                                                           :
                                    Appellant                :
                                                           :
                        v.                                   : No. 682 C.D. 2023
                                                           : Argued: November 7, 2024
Westtown Township, Paul B. Vanscovich,       :
Susan M. Vanscovich, Andrew Holstein,        :
Camille Holstein, John E. Gagliardi,             :
Joanna M. Gagliardi, James S. Lees, Jr.,         :
Frances L. Lees, Shiloh Hill Associates, Inc. :
Jerrod Hudson, Harbin Nataki, Hans Levert,  :
Josepha M. Levert, Justin Caranfa, Lori         :
Caranfa, Barry A. Borden, Deborah J.           :
Borden, Ronald N. Fox, Barbara P. Fox,        :
The Kahn Trust Dated February 25, 2010,      :
Wallace J. Kahn, Trustor and/or Trustee of    :
the Kahn Trust Dated February 25, 2010,       :
Charles R. Bolz, Marilyn J. Bolz, Michael     :
Tysowsky, Trustee Under a Revocable           :
Trust Agreement Dated April 5, 2000, with     :
Michael Tysowsky, Settlor, as Amended,       :
or His Successors in Trust, Suzanne P.          :
Tysowsky, Trustee Under a Revocable           :
Trust Agreement Dated April 5, 2000, with     :
Suzanne P. Tysowsky, Settlor, as Amended, :
or Her Successors in Trust, Michael P.          :
Cazaubon, Pamela K. Cazaubon, Kurtis         :
L. Fletcher, Alaina J. Simons, Steven D.        :
Bernard, Jane Bernard, Robert H. Irvine,       :
Maryann B. Irvine, Mark Kaskey, Susan        :
Kaskey, Earl H. Brown, Dolores C. Brown,    :
Michael Slotznick, Vivian Toby Wolovitz,     :
and Joanne M. Henry                                    :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED:  December 9, 2024


Fox Clearing, LLC (Fox) appeals the order of the Chester County Court of Common Pleas (trial court) sustaining the preliminary objections (POs) in the nature of a demurrer of Paul B. Vanscovich, Susan M. Vanscovich (together, Vanscovichs), Andrew Holstein, and Camille Holstein (collectively, Neighbors) to Fox's three-count First Amended Complaint.[1]  We affirm.

---

[1] The trial court's order also granted Fox leave to file a Second Amended Complaint within 20 days.  *See* Reproduced Record (RR) at 248a.  Generally, such orders sustaining POs and granting leave to file an amended complaint are not appealable as interlocutory orders.  *See, e.g.*, *May v. Doe*, 269 A.3d 1286, 1288 (Pa. Cmwlth.), *appeal denied*, 283 A.3d 173 (Pa. 2022) ("Here, the trial court sustained the preliminary objections, dismissed [the plaintiff's c]omplaint, and granted him 30 days to file an amended complaint.  Accordingly, the trial court's order, which dismissed [the plaintiff's c]omplaint, is interlocutory and not a final appealable order.") (footnote omitted).  However, on May 11, 2023, the Chester County Prothonotary entered final judgment against Fox based on Fox's filing of a Praecipe to Enter Judgment Dismissing Complaint with Prejudice.  *See* RR at 300a-02a.  Accordingly, the trial court's order sustaining the POs is final and appealable to this Court.  *See, e.g.*, *May*, 269 A.3d at 1288 n.7 ("[In] *Hionis* [*v. Concord Township*, 973 A.2d 1030, 1035-36 (Pa. Cmwlth. 2009), the] Court instructed that, in accordance with *Ayre v. Mountaintop Area Joint Sanitary Authority*, [427 A.2d 1294 (Pa. Cmwlth. 1981)], 'a plaintiff who chooses not to file an amended complaint may appeal by filing a praecipe with the trial court to dismiss the original complaint with prejudice.' [] 'By filing a praecipe with the [trial] court to issue a final, appealable order, the litigant can obtain appellate review . . . .' *Id.* at 1036.").

As the trial court explained, "[t]his is a quiet title action in which [Fox] requests, *inter alia*, an order declaring it has a private easement over a fifty-foot (50') Right of Way (ROW) in between its property at 1013 Shiloh Road, [Westtown Township (Township)], West Chester, PA (Fox Property) and Shiloh Hill Drive,[2] which in turn connects to Little Shiloh Road." RR at 386a.[3] On March 10, 2022, Fox filed its First Amended Complaint in which it alleged, in pertinent part:

> 15. For over a half a century, the ROW has been depicted on a litany of land development and subdivision plans submitted to the Township by various property owners (including some of the [named d]efendants and their predecessors in title) and approved by the Township.
>
> 16. Those plans have consistently depicted the ROW as a fifty-foot (50')-wide roadway from Little Shiloh R[oad] all the way to the boundary line of the Fox Property.
>
> 17. As a matter of law, the depiction of the ROW as a roadway to the boundary line to the Fox Property creates an implied easement for, *inter alia*, the owner of the Fox Property to use the ROW for access.

RR at 22a. On March 25, 2022, Neighbors filed the POs in the nature of a demurrer, asserting that, contrary to the allegations, Fox did not have any easement rights in the ROW. *See id.* at 156a-62a.

---

[2] As the trial court explained, "Fox set forth claims for County I – Quiet Title (Easement by Express Grant) and Count II – Quiet Title (Easement by Implication)[, and . . . a claim for Count III – Injunctive Relief asking the [trial] court to order the Vanscovichs to remove a fence they erected across the ROW." RR at 386a, *id.* at n.2. The named defendants in the First Amended Complaint were Neighbors and the Township, as well as a number of additional adjacent landowners. However, by order dated June 6, 2024, we precluded the additional adjacent landowners from filing briefs or participating in oral argument in this appeal.

[3] As the trial court noted, "[t]he Fox Property is approximately 65 acres, and Fox intends to develop it for residential purposes." RR at 386a n.1.

Ultimately, after considering the First Amended Complaint, the POs, and the parties' briefs and oral arguments, the trial court "conclude[d] that Fox's First Amended Complaint fails to contain allegations sufficient to establish a *prima facie* claim for an express or implied easement [] within the scope of *Estojak* [*v. Mazsa*, 562 A.2d 271 (Pa. 1989)]." RR at 390a. As a result, the trial court issued the instant order sustaining the POs. *See id.* at 384a.

On June 1, 2023, Fox then filed this appeal of the trial court's order.[4] On appeal,[5] the sole claim raised by Fox is that the trial court erred in sustaining the POs because the Fox Property was not within the subdivision plans creating the ROW and, therefore, could not enforce any easement rights in the ROW.

However, after reviewing the record, Fox's brief and oral argument, and the relevant case law, we conclude that the appellate claims have been ably resolved in the thorough and well-reasoned opinion of Judge Bret M. Binder. Accordingly, we affirm the trial court's order on the basis of his opinion in the matter

---

[4] Initially, on January 30, 2023, Fox filed a notice of appeal from the trial court's December 29, 2022 order sustaining the POs, which was docketed in this Court at No. 73 C.D. 2023. However, on May 5, 2023, Fox discontinued that appeal and, as outlined above, on May 11, 2023, the Chester County Prothonotary entered final judgment against Fox based on Fox's filing of the Praecipe to Enter Judgment Dismissing Complaint with Prejudice, *see* RR at 300a-02a, thereby perfecting the instant final, appealable order.

[5] Our standard of review of the trial court's order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary. *RT Partners, LP v. Allegheny County Office of Property Assessment*, 307 A.3d 801, 805 n.6 (Pa. Cmwlth. 2023) (citation omitted).

of *Fox Clearing, LLC v. Westtown Township.* (C.P. Chest., No. 2022-00576-RC, filed July 6, 2023).  RR at 384a-90a.[6]

_____

MICHAEL H. WOJCIK, Judge

_____

[6] *See also Estojak*, 562 A.2d at 274 ("[W]here a municipality fails to accept or open a dedicated street in a plan within [20 ]years, the owners of property within the plan or subdivision retain private rights of easement by implication over the unopened streets.") (citations omitted); *National Christian Conference Center v. Schuylkill Township*, 597 A.2d 248, 250 (Pa. Cmwlth. 1991) ("The Center cannot claim an easement by implication where neither it nor its predecessor in interest were parties to the creation of the subdivision nor purchasers of lots in [the subdivision]."); *Flint Hill Partnership v. London Britain Township* (Pa. Cmwlth., No. 1575 C.D. 2002, filed August 1, 2003), slip op. at 8 ("The Partnership does not contend it has an easement by prescription as there had been no use of the [p]roperty for twenty-one years.  The Partnership does not assert an easement by necessity.  Also, the Partnership does not plead an easement by implication because it was not a party to the creation of the subdivision or a purchaser of a lot in the subdivision.  *National Christian* [*Conference Center*], 597 A.2d at 250."); *see also Landis v. Wilt*, 222 A.3d 28, 37 (Pa. Super. 2019) ("Although not fully square with the facts of the case *sub judice*, the principles of *Nord* [*v. Devault Contracting Company, Inc.*, 334 A.2d 276 (Pa. 1975),] demonstrate that neither the [condominium a]ssociation nor the residents of the [] condominiums had any reason to expect that they were entitled to use the unopened portion of [the street] referenced in the [neighboring subdivision's] plan.  The [a]ssociation offered no evidence at trial that it acquired its land through a conveyance that made reference to [the street] or the [] subdivision plan.  The trial court duly held that the [a]ssociation did not purchase property subject to the [] subdivision plan.  Indeed, at trial, the [a]ssociation made a point of establishing that its lands are outside of the [] subdivision.") (citations omitted); *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) ("In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues.") (citation omitted); Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008.  Non-precedential decisions . . . may be cited for their persuasive value.").

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Fox Clearing, LLC, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : No. 682 C.D. 2023 |
| | : | |
| Westtown Township, Paul B. Vanscovich, | : | |
| Susan M. Vanscovich, Andrew Holstein, | : | |
| Camille Holstein, John E. Gagliardi, | : | |
| Joanna M. Gagliardi, James S. Lees, Jr., | : | |
| Frances L. Lees, Shiloh Hill Associates, Inc. | : | |
| Jerrod Hudson, Harbin Nataki, Hans Levert, | : | |
| Josepha M. Levert, Justin Caranfa, Lori | : | |
| Caranfa, Barry A. Borden, Deborah J. | : | |
| Borden, Ronald N. Fox, Barbara P. Fox, | : | |
| The Kahn Trust Dated February 25, 2010, | : | |
| Wallace J. Kahn, Trustor and/or Trustee of | : | |
| the Kahn Trust Dated February 25, 2010, | : | |
| Charles R. Bolz, Marilyn J. Bolz, Michael | : | |
| Tysowsky, Trustee Under a Revocable | : | |
| Trust Agreement Dated April 5, 2000, with | : | |
| Michael Tysowsky, Settlor, as Amended, | : | |
| or His Successors in Trust, Suzanne P. | : | |
| Tysowsky, Trustee Under a Revocable | : | |
| Trust Agreement Dated April 5, 2000, with | : | |
| Suzanne P. Tysowsky, Settlor, as Amended, | : | |
| or Her Successors in Trust, Michael P. | : | |
| Cazaubon, Pamela K. Cazaubon, Kurtis | : | |
| L. Fletcher, Alaina J. Simons, Steven D. | : | |
| Bernard, Jane Bernard, Robert H. Irvine, | : | |
| Maryann B. Irvine, Mark Kaskey, Susan | : | |
| Kaskey, Earl H. Brown, Dolores C. Brown, | : | |
| Michael Slotznick, Vivian Toby Wolovitz, | : | |
| and Joanne M. Henry | : | |

# **O R D E R**

AND NOW, this 9th day of December, 2024, the order of the Chester County Court of Common Pleas dated May 11, 2023, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge

| | |
|---|---|
| FOX CLEARING, LLC,<br>                    Plaintiff<br><br>vs.<br><br>WESTTOWN TOWNSHIP, *et al.*,<br>                    Defendants | IN THE COURT OF COMMON PLEAS<br>CHESTER COUNTY, PENNSYLVANIA<br><br>NOS. 2022-00576-RC<br>       682 CD 2023<br><br>ACTION IN QUIET TITLE |

Filed and Attested by PROTHONOTARY 06 Jul 2023 12:00 PM

## OPINION

**BINDER, J.**                                                   **JULY 6, 2023**

Plaintiff Fox Clearing, LLC filed a Notice of Appeal on June 1, 2023 from the Order of this court entered December 29, 2022. That Order sustained the Preliminary Objections to Plaintiff's Amended Complaint filed by Defendants Paul B. Vanscovich, Susan M. Vanscovich, Andrew Holstein, and Camille Holstein on March 25, 2022.[1] On May 11, 2023, the Prothonotary of Chester County entered final judgment against Plaintiff upon Plaintiff's filing of a Praecipe to Enter Judgment Dismissing Complaint with Prejudice.

The Order appealed from was accompanied by this Court's Memorandum explaining the reasons for that Order. A copy of the Order and Memorandum is attached hereto for the convenience of the Superior Court pursuant to Pa.R.A.P. 1925(a)(1).

Accordingly, it is respectfully suggested that this court's Order entered December 29, 2022 should be affirmed.

**BY THE COURT:**

**BRET M. BINDER, J.**

---

[1] That Order also granted leave to Plaintiff to file a Second Amended Complaint. Plaintiff did not file an Amended Complaint but instead filed a Notice of Appeal on January 25, 2023. That appeal, docketed at 73 CD 2023, was not from an appealable final order. *See, e.g.*, May v. Doe, 269 A.3d 1286, 1287 (Pa.Cmwlth. 2022) (an order sustaining preliminary objections with leave to file an amended complaint is not a final appealable order). Plaintiff discontinued its appeal by filing a Praecipe for Discontinuance with the Commonwealth Court. 2022-00576-RC

| FOX CLEARING, LLC, | IN THE COURT OF COMMON P. |
| Plaintiff | CHESTER COUNTY, PENNSY |
| vs. | NO. 2022-00576-RC |
| WESTTOWN TOWNSHIP, *et al.*, | |
| Defendants | CIVIL ACTION – LAW |

Filed and Attested by PROTHONOTARY 29 Dec 2022 02:23 PM C. Mestre

## ORDER and MEMORANDUM

**AND NOW**, this 29th day of December, 2022, upon consideration of the Preliminary Objections to Plaintiff's Amended Complaint filed by Defendants Paul B. Vanscovich, Susan M. Vanscovich, Andrew Holstein, and Camille Holstein on March 25, 2022, and after oral argument heard on June 7, 2022, it is hereby **ORDERED** for the reasons set forth in the accompanying Memorandum that the Preliminary Objections are **SUSTAINED** and that Plaintiff is granted leave to file a Second Amended Complaint within twenty (20) days of the entry of this order.

BY THE COURT:

_____

**BRET M. BINDER, J.**

2022-00576-RC
2022-00576-RC

This is a quiet title action in which Fox Clearing, LLC (Fox) requests *inter alia* an order declaring it has a private easement over a fifty-foot (50') Right of Way (ROW) in between its property at 1013 Shiloh Road, West Chester, PA (Fox Property)[1] and Shiloh Hill Drive which in turn connects to Little Shiloh Road. By its First Amended Complaint, Fox alleges as follows:

> 15. For over half a century, the ROW has been depicted on a litany of land development and subdivision plans submitted to the Township by various property owners (including some of the Defendants and their predecessors in title) and approved by the Township.
>
> 16. Those plans have consistently depicted the ROW as a fifty-foot (50') wide roadway from Little Shiloh Rd. all the way to the boundary line of the Fox Property.
>
> 17. As a matter of law, the depiction of the ROW as a roadway to the boundary line to the Fox Property creates an implied easement for, inter alia, the owner of the Fox Property to use the ROW for access.

First Amended Complaint, 3/10/2022, ¶¶ 15-17.

Fox set forth claims for Count I – Quiet Title (Easement by Express Grant) and Count II – Quiet Title (Easement by Implication).[2]

The Vanscovichs and the Holsteins filed Preliminary Objections on March 25, 2022 raising a demurrer asking this court to dismiss Fox's First Amended Complaint in its entirety upon any of four (4) grounds. The first ground is that Fox's claim for an express easement must fail because "[Fox] neither pleads any facts nor attaches any documents which show an express easement was created to benefit the Fox Property." Brief, 3/25/2022, p. 7. In that connection, the Vanscovichs/Holsteins argue that the ROW shown on the various subdivision plans attached to the First Amended Complaint is insufficient to establish an express easement, as a matter of law. Brief, 3/25/2022, p. 7. The second

---

[1] The Fox Property is approximately 65 acres and Fox intends to develop it for residential purposes.
[2] Fox also set forth a claim for Count III – Injunctive Relief asking the court to order the Vanscovichs to remove a fence they erected across the ROW.

ground is that Fox's claim for an implied easement must fail because "[a]n easement by implication exists where the intent of the original owners of the tracts of land is demonstrated by the terms of a grant, the property's surroundings, and other res gestae of the transactions." Brief, 3/25/2022, p. 8 (citing Possessky v. Diem, 655 A.2d 1004, 1008 (Pa.Super. 1995)). In that connection the Vanscovichs/Holsteins argue that Fox has not and cannot allege facts to show the intentions of the parties as required by the balancing test established by Thomas v. Deliere, 359 A.2d 398 (Pa.Super. 1976). Brief, 3/25/2022, pp. 7-10. Third, the Vanscovichs/Holsteins argue that the ROW's existence, by itself, is insufficient as a matter of law to establish an easement where Fox "does not and cannot allege that Westtown Township accepted any offer of dedication for the unimproved portion of the [ROW]." Brief, 3/25/2022, p. 10. Fourth, the Vanscovichs/Holsteins argue that their Preliminary Objections should be sustained by application of Flint Hill Partnership v. London Britain Township, (Chester Co. 2001-10457) (Sánchez, J.), *affirmed* 830 A.2d 667 (Pa.Cmwlth. 2003). Brief, 3/25/2022, p. 12.

Fox filed its response to the Vanscovitch/Holstein Preliminary Objections on April 13, 2022. Fox does not argue that it has sufficiently pled a claim that it has an express easement. *See* Brief, 4/13/2022, pp. 1-10. However, Fox argues that the remainder of the Vanscovitch/Holstein Preliminary Objections lack merit because they cannot account for Estojak v. Mazsa, 562 A.2d 271 (Pa. 1989) which holds that "the owners of property within the plan or subdivision retain private rights of easement by implication over the unopened streets." Brief, 4/13/2022, p. 4 (quoting Estojak, 562 A.2d at 274). From that Fox argues it is irrelevant whether Westtown Township accepted dedication of the entire right of way "because the unaccepted portion of it thus became a private road, giving the owners of all abutting parcels – including [Fox] – the right to use it for ingress, egress[,] and regress to their lands." Brief, 4/13/2022, p. 5 (citing Estojak) (emphasis in original). Finally, Fox argues that

Flint Hill Partnership is not controlling because it "is easily distinguishable and was likely wrongly decided" as contrary to Estojak. Brief, 4/13/2022, p. 5 (punction altered; capitalization removed). *See also* Brief, 4/13/2022, pp. 6-9 (arguing the applicability of Estojak).

Here, this court is of the view that Fox's silence on the matter tacitly concedes Fox has not pled an express easement. Moreover, Fox's reliance on Estojak tacitly concedes that Fox has not pled an implied easement in any other way. If Fox's First Amended Complaint is not within the scope of Estojak it follows that Fox has not pled a prima facie claim for an implied easement.

This court believes that Fox's reliance on Estojak is misplaced. In Estojak, "[t]he [lower] court correctly recognized that, where a municipality fails to accept or open a dedicated street in a plan within twenty-years, the owners of property *within the plan or subdivision* retain private rights of easement by implication over the unopened streets." Estojak, 562 A.2d at 274 (emphasis added) (citations omitted). Estojak relied on Cohen v. Simon Real Estate Corporation, 123 A.2d 715 (Pa. 1956) which stated the rule as "the grantee of a lot which is sold *according to* a plan of lots on which streets or alleys not previously opened or projected as public streets are plotted by the grantor, acquires an easement over all the streets of the plan as a private right of property arising out of the grant; the easement thus created is independent of the dedication of the plotted streets to the public use and survives the abandonment of the public right." Cohen, 123 A.2d at 717 (emphasis added) (footnotes omitted). Estojak also relied on Dillon v. Klamut, 420 A.2d 462 (Pa.Super. 1980) which stated the rule as "[i]t is settled that a grantee of a lot sold *according to* a plan of lots upon which streets are plotted acquires an easement in the streets as plotted." 420 A.2d at 464 (emphasis added). Estojak also relied on Riek v. Binnie, 507 A.2d 865 (Pa.Super. 1986) which stated the rule as follows:

> It is clear that any street, lane, or alley laid out by any person in a plot or plan of lots, which has never been opened to or used by the public for twenty-one years after the initial laying out of the same, may not thereafter be opened for public use or easement, without the consent

2022-00576-RC
2022-00576-RC

of the owners of the abutting lots. Act of May 9, 1889, P.L. 173, No. 192, § 1, 36 P.S. § 1961; Rahn v. Hess, 378 Pa. 264, 106 A.2d 461 (1954). However, while the public easement or right of use in such lanes or alleys is lost as the result of the passage of such time and lack of use, the purely private rights of easement of individual property owners *in the plan of lots* to use the alley or way is not extinguished. *See* Cohen v. Simpson Real Estate Corporation, 385 Pa. 352, 123 A.2d 715 (1956); Rahn v. Hess, Supra; Drusedum v. Guernaccini, 251 Pa.Super. 504, 380 A.2d 894 (1977).

Riek, 507 A.2d at 866-67 (emphasis added).

Here, Fox acknowledges the public easement or right of use has been lost while claiming it retains its purely private rights of easement. However, Fox has not pled that the Fox Property was within the plan or subdivision (or in the plan of lots) that created the ROW in the first place. Instead, Fox argued that "[Fox's] land *appears on* the Phillips Plan, and borders the right-of-way; accordingly, [Fox] holds 'private rights of easement' allowing it to use the unopened portion of the right-of-way to travel to and from its property." Brief, 4/13/2022, p. 4 (emphasis added).

The fact that the Fox Property appears "on" the Phillips Plan is not the same as being "within the plan or subdivision" or "in the plan of lots." The Phillips Plan, attached as Exhibit "1" to the First Amended Complaint is the original Plan of Property for "Chateau Estates" (Plan Book # 40, Page 8) which shows that the land now owned by Fox *bordered* the original plan or subdivision. *See also* First Amended Complaint, 3/10/2022, ¶16 ("Those plans have consistently depicted the ROW as a fifty-foot (50') wide roadway from Little Shiloh Rd. all the way *to the boundary line of* the Fox Property."; ¶ 17 ("As a matter of law, the depiction of the ROW as a roadway *to the boundary line to* the Fox Property creates an implied easement for, inter alia, the owner of the Fox Property to use the ROW for access.") (emphasis added).[3] The Fox Property was depicted on the Phillips

---

[3] Fox in its brief concluded as follows: "Thus, [Fox] in the case at bar, which owns land 'within' the Phillips Plan (and many subsequent recorded plans) holds a private right of easement over the unopened roads shown on that plan." Brief, 4/13/2022, p. 9 (parentheses in original). Fox's placing quotes around the word "within" indicates a special

Plan because the Fox Property bordered the subdivision containing the ROW not because it was within the subdivision containing the ROW.

Fox argued that the Vanscovitch/Holstein Defendants are mistaken in their claim that Fox failed to plead an implied easement because "[t]he usual criteria for establishment of an implied easement do not apply to an easement by reference to a map or pla[t], which is a particular type of implied easement controlled by its own principles. Brief, 4/13/2022, p. 4 (citing Potis v. Coon, 496 A.2d 1188, 1192 (Pa.Super. 1985 and Landis v. Wilt, 222 A.3d 28 (Pa.Super. 1019)) (quotation marks omitted).

It is this court's view that the usual criteria do apply in this case because the First Amended Complaint is not within the rule applied in Estojak. The purpose of an action to quiet title is to resolve a conflict over an interest in property, National Christian Conference Center v. Schuylkill Twp., 597 A.2d 248 (Pa.Cmwlth. 1991), *appeal denied*, 606 A.2d 904 (Pa. 1992), and the question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Werner v. Plater-Zyberk, 799 A.2d 776 (Pa.Super. 2002), *appeal denied*, 806 A.2d 862 (Pa. 2002). This court's consideration of the First Amended Complaint, the Preliminary Objections, the briefs, and the oral arguments presented by counsel leads this court to conclude that Fox's First Amended Complaint fails to contain allegations sufficient to establish a prima facie claim for an express or implied easement or within the scope of Estojak.

Accordingly, for the reasons set forth above this court will enter an order sustaining the Preliminary Objections to Plaintiff's Amended Complaint filed by Defendants Paul B. Vanscovich, Susan M. Vanscovich, Andrew Holstein, and Camille Holstein on March 25, 2022 while granting Fox leave to file a Second Amended Complaint.

---

meaning and that meaning is consistent with the Fox Property being depicted within the four (4) corners of the Phillips Plan, bordering the subdivision containing the ROW.